IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEXOS MEDIA IP, LLC,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**OVERSTOCK.COM, INC.,**<br><br>  **Defendant.** | Case No. 22-CV-2324-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiff Lexos Media IP, LLC ("Lexos") brings this patent infringement action against Defendant Overstock.com, Inc. ("Overstock"), alleging infringement of three patents involving technology that could be used to modify an Internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services. Before the Court is Overstock's Motion for Judgment on the Pleadings Under Rule 12(c) (Doc. 37). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Overstock's motion for judgment on the pleadings.

### I. Standard

The Court reviews a Fed. R. Civ. P. 12(c) motion under the same standard that governs a Fed. R. Civ. P. 12(b)(6) motion.[1] To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] "[T]he complaint must give the court reason to believe that *this* plaintiff has a

---

[1] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[4]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the Court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[7]  Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8]  Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9]  "A claim has facial plausibility when the plaintiff pleads factual content

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007); *see Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016) (stating that the law of the regional circuit applies to review a motion to dismiss in patent cases).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Hi-Tech Pharms., Inc. v. Hodges Consulting, Inc.*, 230 F. Supp. 3d 1323, 1335–36 (N.D. Ga. 2016) (collecting cases and explaining that since December 2015 when the Federal Rules eliminated Rule 84 and Form 18, "courts have almost unanimously held that all patent claims and counterclaims are subject to the pleading requirements of *Iqbal* and *Twombly*").

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[7] *Id.*

[8] *Id.* at 679.

[9] *Id.*

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

If matters outside the pleadings are reviewed, the Court generally must convert a Rule 12(c) motion to a Fed. R. Civ. P. 56 motion for summary judgment.[11] However, the Court may consider documents that are attached as exhibits to the complaint, or documents that are referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.[12] The Court may also take judicial notice of publicly-available court documents and matters of public record without converting a motion to dismiss for failure to state a claim into a motion for summary judgment, so long as those facts are not in dispute,[13] but such "documents may only be considered to show their contents, not to prove the truth of the matters asserted therein."[14]

Here, the Court considers the patents that are attached to the FAC and takes judicial notice of the patent documents attached to Overstock's motion for judgment on the pleadings since these are either exhibits to the FAC or are central to the claims in the case. Neither party disputes their authenticity. The Court does not consider Exhibits A and B attached to Overstock's motion for judgment on the pleadings, as these are matters outside the pleadings and do not fall within one of the exceptions cited above.[15]

---

[10] *Id.* at 678.

[11] Fed. R. Civ. P. 12(d).

[12] Fed. R. Civ. P. 10(c); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[13] *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[14] *Tal*, 453 F.3d at 1264 n.24 (alterations omitted) (citations omitted).

[15] Docs. 38-1 (Plaintiff's First Set of Requests for Production of Documents and Things to Defendant Overstock.com, Inc. (Nos. 1–21), 38-2 (email correspondence between counsel).

**II.     Factual Background**

Lexos filed this action on August 16, 2022, alleging that Overstock directly infringed two of its patents: U.S. Patent Nos. 5,995,102 ("the '102 Patent") and 6,118,449 ("the '449 Patent"), both of which are entitled "Server system and method for modifying a cursor image." The First Amended Complaint ("FAC") added a patent infringement claim for a third patent, U.S. Patent No. 7,975, 241 ("the '241 Patent"), entitled "System for replacing a cursor image in connection with displaying the contents of a web page." Lexos alleges that Overstock has directly infringed Claim 72 of the '102 Patent, Claims 1, 38, and 53 of the '449 Patent, and Claim 35 of the '241 Patent (collectively, "the Asserted Patents") since at least 2016.

The Asserted Patents disclosed "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising."[16] According to the FAC, since at least 2016, Overstock has infringed by using Lexos' patented method for modifying an initial cursor image into a specific image with a particular shape and appearance that corresponds to at least a portion of the information that is displayed on the user's terminal.

In Counts 1 and 2, Lexos alleges infringement based on the '102 and '449 Patents. Lexos asserts that Figures 1, 2, and 3 are examples of Overstock's infringing technology:

---

[16] Doc. 23 ¶ 16.



Figure 1[17]



Figure 2[18]

---

[17] *Id.* ¶ 28.

[18] *Id.* ¶ 30.



Figure 3[19]

Specifically, Lexos alleges that:

> The claims of the Asserted Patents specifically teach how the invention works to provide the improved online advertising technology. A web browser retrieves a web page stored on a server that is then transmitted to and viewed by a user. The retrieved web page contains a set of predetermined instructions referred to as "cursor display instructions." The browser interprets the information contained in cursor display instructions and instructs the operating system of the user's terminal to bring about the change in appearance of the cursor within the web page. As the Asserted Patents explain, "the server system provides certain information that causes the cursor image on the video monitor of the user terminal to display an image as specified by the server system. As a result, the server system remotely defines and manages the shape and appearance of the cursor image in accordance with a pre-specified condition."[20]

Lexos' first claim is that Overstock directly infringed Claim 72 of the '102 Patent by using the claimed method when providing the web pages to individuals for use with the

---

[19] *Id.* ¶ 35.

[20] *Id.* ¶ 17.

Overstock Website that operates to modify the appearance of those pages relating to the display of cursors. Its second claim is that Overstock directly infringed Claims 1 and 38 of the '449 Patent by making and using the claimed system and making the Overstock Website available to others for use. Lexos claims that Overstock directly infringed Claim 53 of the '449 Patent by using the claimed method when providing the Overstock Website for use by others. Finally, Lexos claims that Overstock infringed Claim 35 of the `241 Patent by making, using, and putting into service its patented invention in connection with providing individuals with access to the Overstock Website and to shop for products and services on the website.

### III.     Discussion

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Overstock moves for judgment on the pleadings on the following grounds: (1) Lexos fails to allege sufficient facts of infringement of the '102 and '449 Patents within the relevant time period; (2) Lexos fails to allege facts sufficient facts to show that Overstock's technology infringes on the '102 and '449 patents by transforming the initial cursor image into the "shape and appearance of a specific image"; and (3) Lexos fails to allege sufficient facts to show that the '241 Patent modifies "the cursor image to include the visual image . . . wherein the visual image includes promotional material," or that the "visual image tracks a movement of the modified cursor image."[21] The Court addresses each argument in turn.

---

[21] Doc. 23-3 at 20:61–21:6.

### A. Time Period of Infringement for '102 and '449 Patents

Under 35 U.S.C. § 286, a plaintiff cannot recover for patent infringement committed more than six years before the filing of the complaint. Therefore, in this case Lexos cannot recover for infringement before August 16, 2016. Additionally, under 35 U.S.C. § 171, patents expire twenty years after filing. Therefore, the '102 and '449 patents expired on June 25, 2017—twenty years after they were filed. Thus, Lexos may only recover as to the '102 and '449 patents for infringement that occurred between August 16, 2016 and June 25, 2017. Overstock argues that Lexos fails to state a plausible claim of infringement because the screenshots provided in the FAC—Figures 1, 2, and 3—are dated June 18, 2014, outside the statute of limitations.

As the Tenth Circuit has made clear, "[t]he statute of limitations is an affirmative defense that a defendant must raise, and we typically require factual development before deciding whether a claim is timely."[22] Although this affirmative defense can be resolved on a motion to dismiss, "the dates given in the complaint [must] make clear that the right sued upon has been extinguished."[23] Overstock's motion is denied on this point for several reasons. First, in order to discern that the screenshots in the FAC are from 2014, the Court must rely on Exhibit B attached to the motion for judgment on the pleadings, which is an email between counsel in this matter. This document is outside the pleadings and does not fall into an exception that would allow the Court to consider it on this motion without converting it to one for summary judgment. Second, even if the Court considered the date provided in the parties' email exchange, it does not conclusively show that the infringement did not also occur during the later relevant time frame.

---

[22] *Wyo-Ben Inc. v. Haaland*, 63 F.4th 857, 866 (10th Cir. 2023) (citation omitted).

[23] *Id.* (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).

It is plausible that Lexos could demonstrate at trial that the technology reflected in these screenshots continued during the relevant time frame. Third, the FAC repeatedly alleges that the infringement has occurred since at least 2016, and it refers to the screenshots as examples. The Court must accept these facts as true under the applicable standard. The Court finds that Lexos has pled sufficient facts to state a plausible claim that Overstock's alleged infringement occurred during the relevant timeframe, and the dates in the FAC fail to make clear that the patent claims were extinguished before August 16, 2016.

### B. Shape and Appearance of a Specific Image—the '102 and '449 Patents

Next, Overstock argues that its cursor technology does not cause a cursor image to change the "'shape and appearance of [a] specific image,' where the 'specific image includes content corresponding to at least a portion of [the] information that is to be displayed on said display,'" as defined in the '102 and '449 Patents.[24] Overstock contends that there is neither a change of shape nor appearance of the product itself; the only transformation of the cursor is into a shaded, semi-transparent box—a generic image. Lexos responds that Overstock's cursor transforms into a specific image because the semi-transparent box includes a portion of the product displayed on Overstock's web page, and the cursor is modified as the user moves it over the display of the product. Essentially, the parties dispute whether the modified cursor image used by Overstock is a generic image, i.e. a semi-transparent box, or a specific image, i.e. a portion of the product displayed inside the semi-transparent box.

Both sides argue that the Court should consider a prior claim construction order issued in *Lexos Media IP, LLC v. APMEX, Inc.*, on the '102 and '449 Patents.[25] Both sides argue that their

---

[24] Doc. 38 at 9 (quoting Doc. 23-1 at 24:21–25).

[25] No. 16-cv-00747, 2017 WL 1021366 (E.D. Tex. Mar. 16, 2017).

theories of the case are consistent with that decision.  The Court declines to venture into claim construction at this stage of the litigation and finds that Lexos has stated a plausible claim for relief.  Specifically, Lexos pleads facts to support its theory that Overstock's use of a modified cursor image infringes on its Asserted Patents by displaying not just a semi-transparent box, but a portion of the product itself, when the user moves the cursor over the product.  This ruling is consistent with other district courts' rulings on early motions to dismiss in cases involving the same patents.[26]  Lexos "need not 'prove its case at the pleading stage.'"[27]  It only must "place the 'potential infringer . . . on notice of what activity . . . is being accused of infringement."[28]  Accepting as true the facts alleged in the FAC, Lexos states plausible claims for infringement of the '102 and '449 Patents on the theory that Overstock's modified cursor image consists of the semi-transparent box that, when moved over the product, includes the shape and appearance of the product displayed on the webpage.  This is more than sufficient to place Overstock on notice of the activity Lexos claims is infringing.

C. **Visual Image with Promotional Material that Tracks the Modified Cursor—the '241 Patent**

Lexos alleges Overstock infringed Claim 35 of the '241 Patent because its "system and as instructed by the included cursor display instruction, the client or user computer, following receipt of the content information, has processed the cursor display instruction and modified the

---

[26] *Lexos Media IP, LLC v. Amazon.com, Inc.*, No. 22-cv-00169, 2022 WL 16636932, at *1–2 (E.D. Tex. Nov. 1, 2022) (denying motion to dismiss based on claim construction order in *APMEX, Inc.* case); *Lexos Media IP, LLC v. Ralph Lauren Corp.*, No. 17-1319, 2018 WL 4658209, at *2–3 (D. Del. Sept. 27, 2018) (denying motion to dismiss on basis that screenshots in the complaint failed to show modification of shape and appearance of a cursor image).  Overstock's attempt to distinguish the *Amazon.com* decision on the basis that, unlike here, that case involved disputed issues of fact is unavailing.  The Court need not consider whether there are disputed issues of material fact on a motion for judgment on the pleadings; that standard applies on summary judgment.

[27] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

[28] *Id.* (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

cursor image to include the visual image, and displayed a modified cursor image," that includes "promotional material relating to the subject matter of the displayed web page."[29]  Claim 35 of the '241 Patent is as follows:

> A system for modifying a cursor image, comprising:
> at least one client computer receiving content information from at least one server computer, said content information including at least one cursor display instruction specifying an appearance of a visual image, following receipt of the content information, the at least one client computer processing the at least one cursor display instruction and modifying the cursor image to include the visual image and displaying the modified cursor image, wherein the visual image includes promotional material, and the visual image tracks a movement of the modified cursor image.[30]

Overstock first argues for dismissal of this claim because when the cursor changes to a transparent box, there is not necessarily promotional material within that box.  In the FAC, Lexos identifies a mattress set, shown in screenshots identified as Figures 4–7, as an example of infringement.  The screenshots all show the same mattress set, with the cursor displayed over different parts of the product.  Overstock isolates Figure 5, shown below, and argues that because this image does not include "promotional material" in the transparent box, it could not be infringing:

---

[29] Doc. 23 ¶¶ 57–58.
[30] Doc. 23-3 at 20:61–21:6.



Figure 5[31]

Lexos responds that Claim 35 of the '241 Patent does not require that every "visual image" displayed include "promotional material." Lexos points out that it also included Figures 4 and 6 as examples of when the visual image on Overstock's website includes "promotional material relating to the subject matter of the displayed web page." Figures 4 and 6 in the FAC are screenshots of the same mattress set where the transparent box includes the Serta Perfect Sleeper mattress label. Overstock replies that, at best, these screenshots show that the transparent box "may" include promotional material, but that is not sufficient to show infringement of the '241 Patent.

Lexos alleges facts that give rise to a plausible patent infringement claim based on the language in the patent. Lexos alleges that the content transmitted from Overstock's server to the user's computer includes "at least one cursor display instruction specifying an appearance of a visual image," and that such visual image displayed with "this system has included promotional

---

[31] Doc. 23 ¶ 59.

material," and that the "visual image has tracked movement of the modified cursor image."[32] Lexos provides Figures 4–7 as illustrations of these allegations. Taking all reasonable inferences in favor of Lexos, Claim 35 does not require that every visual image displayed by Overstock's website include promotional material. Lexos' allegation that "[t]he visual image displayed in accordance with this system *has* included promotional material relating to the subject matter of the displayed web page[,] . . . [as] depicted in the Figure 4 above,"[33] is consistent with the language of the '241 Patent requiring "at least one cursor display instruction . . . to include a visual image . . . wherein the visual image includes promotional material."

Overstock also argues that Lexos fails to allege facts sufficient to show that Overstock's cursor "tracks the modified cursor image," because the image itself does not move when the user moves the cursor. Instead, the portion of the product displayed in the transparent box merely changes, depending on where the cursor moves. But again, this argument turns on claim construction. Specifically, Overstock's argument requires this Court to interpret the meaning of "the visual image tracks a movement of the modified cursor image." Overstock interprets this language to require the product itself to move when the cursor moves. Instead, the portion of the product shown by the semi-transparent box simply changes depending on where the cursor moves. But Lexos' interpretation of the language—that as the modified cursor moves over the product the "visual image" moves as well—gives rise to a plausible patent infringement claim and sufficiently places Overstock on notice of its allegedly infringing conduct.

---

[32] *Id.* ¶¶ 56–59.

[33] *Id.* ¶ 58 (emphasis added).

In sum, the Court denies Overstock's motion for judgment on the pleadings. Lexos need not prove its case at the pleading stage. It has stated sufficient facts that give rise to plausible claims of patent infringement during the relevant time frame.

**IT IS THEREFORE ORDERED BY THE COURT** that Overstock's Motion for Judgment on the Pleadings Under Rule 12(c) (Doc. 37) is **denied**.

**IT IS SO ORDERED.**

Dated: April 27, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE