UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LEXOS MEDIA IP, LLC, <br> Plaintiff, <br> v. <br><br> OVERSTOCK.COM, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 2:22-CV-02324 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Plaintiff Lexos Media IP, LLC ("Lexos") brings this patent infringement action against defendant Overstock.com, Inc. ("Overstock"). Before the court is Overstock's Motion to Stay Pending Inter Partes Review and Other USPTO Activity Concerning the Asserted Patents. (ECF 74.) For the reasons discussed below, the court denies Overstock's motion for a stay.

### I.  BACKGROUND

On August 16, 2022, Lexos brought claims against Overstock for infringement of two related U.S. patents, Nos. 5,995,102 ("the '102 Patent") and 6,118,449 ("the '449 Patent"). (ECF 1.) In January 2023, Lexos amended its complaint to allege infringement of a third related patent, No. 7,975,241 ("the '241 Patent") (collectively, the "Asserted Patents"). (ECF 23.)

Meanwhile, Lexos has another patent infringement case pending in the Eastern District of Texas against nonparty Amazon.com, Inc. ("Amazon"). On June 5, 2023, Amazon filed petitions for inter partes review ("IPR") with the Patent Trial and Appeal Board ("PTAB") challenging the validity of the '102 and '449 patents. (ECF 74, Exs. 1-2.)[1] By statute, the PTAB

---

[1] The parties dispute whether the third asserted patent, the '241 Patent, is under review by the U.S. Patent and Trademark Office ("USPTO") for failure to perfect a priority claim during prosecution of the application that matured into the '241 Patent. (ECF 74, Exs. 4-9.) Lexos contends that the priority issue has been resolved and that there is no proceeding pending before the USPTO involving the '241 Patent (ECF 79, at 7), whereas Overstock contends that the only issue that has been resolved is the issue concerning Lexos's missed payment of the 7½ year

1

will issue a decision on whether to institute IPR approximately six months after the petition was filed, so around December 5, 2023.  37 C.F.R. § 42.107; 35 U.S.C. § 314(b).  The PTAB may institute IPR only upon a showing that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  Overstock now seeks a stay of this litigation pending the PTAB's resolution of Amazon's challenges to the '102 and '449 Patents.

## II.     LEGAL STANDARD

The decision to stay litigation is left to the discretion of the trial court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Bushnell Inc . v. The Burton Co*., No. 09-2009, 2010 WL 11561389, at *1 (D. Kan. Jan. 11, 2010) (finding "the district court ... has, within its 'inherent power' to control the docket, the discretion to stay proceedings pending before it if, after weighing the competing interests, the circumstances of a particular case lean in favor of a stay."); *ScriptPro LLC v. Wal-Mart Stores , Inc.*, No. 05-2244, 2006 WL 2294859, at *1 (D. Kan. Aug. 8, 2006) (holding "[a] motion to stay an action pending reexamination by the PTO is within the sound discretion of the court"). In deciding whether to enter a stay pending IPR, courts consider the following factors: (1) the stage of the  proceedings, in particular whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *No Spill, Inc. v. Scepter Canada, Inc.*, No. 18-2681, 2020 WL 1528542, at *1 (D. Kan. Mar. 31, 2020) (citations omitted); *Digital Ally , Inc. v. Taser Int'l , Inc*., No. 16-2032, 2017 WL 1048351, at *2 (D. Kan. Mar. 20, 2017); *Norred v.*

---

maintenance fee for the '241 Patent, ***not*** the priority issue.  (ECF 81, at 10-11.)  The court need not resolve this dispute because it does not affect the court's decision to deny the requested stay.  If Lexos's efforts to correct the '241 Patent to retroactively claim priority are ultimately unsuccessful at the USPTO, then Overstock can move for appropriate relief at that time.

2

*Medtronic, Inc.*, No. 13-2061, 2014 WL 554685, at *1 (D. Kan. Feb. 12, 2014). In application of the above enumerated factors, courts must decide whether the benefits of a stay are outweighed by the inherent costs of staying the litigation. *Digital Ally*, *Inc. v. Enforcement Video*, *LLC*, No. 16-2346, 2018 WL 780555, at *1 (D. Kan. Feb. 8, 2018). "[T]he party requesting the stay bears the burden of showing that a stay is appropriate, and such showing must be based on more than the mere fact that an IPR petition was filed." *Id.* (citation omitted).

## III.   ANALYSIS

### A. Stage of Litigation

The first factor the court considers is the stage of the litigation. "This inquiry is aimed at determining whether litigation has progressed significantly enough for a stay to be disfavored." *Digital Ally*, 2018 WL 780555, at *2 (internal quotations and citations omitted). This case was filed over a year ago. The court already issued a first-phase Scheduling Order on January 12, 2023, setting initial and claim construction deadlines. (ECF 32.) The parties have conducted written discovery, including extensive source code review, and served their infringement and invalidity disclosures pursuant to D. Kan. Patent Rules 3.1, 3.2, 3.3, and 3.4.

In addition, Overstock filed a motion for judgment on the pleadings in February, contending that Lexos's amended complaint should be dismissed "because the factual allegations contained within it show that it is not plausible that the accused cursor on Overstock's website infringes." (ECF 37; ECF 38, at 5.) The court denied the motion in a Memorandum and Order dated April 27. In the order, the court discussed (1) the relevant period of infringement for the '102 and '449 patents; (2) the "shape and appearance of [a] specific image," as defined in the '102 and '449 patents; and (3) the "visual image" with "promotional material" that "tracks a movement of the modified cursor image," as defined in the '241 patent. (ECF 59.) The court

3

concluded that Lexos's amended complaint states "sufficient facts that give rise to plausible claims of patent infringement during the relevant time frame" and denied Overstock's motion. (ECF 59, at 14.)  The parties also have completed claim construction discovery and briefing.

Even though discovery is not complete and a trial date has been not been set, this case is not exactly in its infancy.  This case has progressed substantially, and this court has invested significant resources in becoming familiar with the Asserted Patents and Overstock's alleged infringing technology. *See Norred*, 2014 WL 554685, at *2 ("If the Court has invested significant resources in becoming familiar with the patents, relevant art, the products, and claim construction, it would be a waste of judicial resources to delay litigating the instant matter for the length of time necessary to conclude the reexamination process.").  In ruling on Overstock's motion for judgment on the pleadings, the court analyzed some of the asserted claims of the '102 and '449 Patents, as well as Overstock's alleged infringing use of the claimed method(s) when providing web pages to individuals for use with the Overstock website and Overstock's alleged making and using of the claimed system when making the Overstock website available to others for use. (ECF 59.)  Therefore, on balance, the court finds that this factor weighs against a stay of these proceedings.

### B. Issue Simplification

The second factor the court considers is whether a stay will simplify the issues in question and the trial of the case.  "Issue simplification can . . . occur where the number of asserted claims and patents are reduced due to invalidation or the estoppel effect of the IPR proceedings." *Digital Ally*, 2018 WL 780555, at *2 (quotation and citation omitted); *see also* 35 U.S.C. § 315(e)(2) (barring petitioner in an IPR proceeding resulting in a final decision from

4

asserting arguments of invalidity in a civil action that the petitioner raised or reasonably could have raised during the IPR proceedings).

Overstock's motion to stay contends that a stay will simplify or eliminate the issues before the court because the pending IPRs "could result in the invalidation of all of the properly asserted claims of the '102 and '449 Patents" and, even if the PTAB cancels only some claims at issue, claim construction and the experts' infringement analysis will be simplified and narrowed. (ECF 74, at 10-11.)  Overstock points out that, given the standard for instituting IPR, if the IPRs are instituted, it is likely that a stay through resolution of the IPR proceedings will simplify or eliminate most of the issues for trial.  *(Id.* at 11.) Finally, Overstock argues that a final determination from the USPTO that the '241 Patent does not properly claim priority to the '102 Patent "could streamline this litigation because it would be unambiguously invalid in view of the same."  (*Id.*)  Lexos contends that the simplification of issues, even if the PTAB institutes the Amazon IPRs, is minimal given "the lack of any estoppel that could flow from the outcome" of the Amazon IPR proceeding.  Lexos points out that Overstock is a non-party to the IPR petitions who therefore is not bound by the estoppel provisions of 35 U.S.C. § 315(e).  Overstock's reply dismisses this argument by expressly agreeing—for the first time—to be bound by the estoppel provisions of 35 U.S.C. § 315.  (ECF 81, at 9.)  Lexos also argues the Amazon IPR petitions lack merit, whereas Overstock argues that Lexos's estimation of the IPR petitions' merit is irrelevant. (*Id.*)

Ultimately, the court finds that Amazon's IPR petitions as to the '102 and '449 Patents are too speculative at this time.  First, the court does not yet know if Amazon's petitions for IPR will be granted and IPRs will be instituted.  The PTAB's decisions on whether to institute IPR are three months away.  "[T]he undecided status of the petition[ ] for *inter partes* review clouds

the simplification inquiry." *Norred*, 2014 WL 554685, at *3 (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013)). Likewise, the court does not know what will happen with Lexos's attempt to correct the '241 Patent to retroactively claim priority. It appears this issue is currently in limbo. If Lexos is ultimately unsuccessful at the USPTO, the court expects the parties will voluntarily dismiss their claims related to the '241 Patent or Overstock will raise this invalidity issue in a dispositive motion. There is no reason to stay the entire case waiting for this issue to be finalized in USTPO proceedings.

Second, Overstock is not a party to the IPR petitions. Amazon filed them. Overstock has agreed to be bound by the estoppel provisions of 35 U.S.C. § 315, but Overstock has not moved to join the Amazon IPRs. Moreover, Overstock's agreement to be bound by the estoppel provisions in this litigation does not change the fact that, as a nonparty to the IPR petitions, Overstock has no control over the IPR petitions or subsequent proceedings. Even if the PTAB institutes the IPR proceedings, Amazon could settle with Lexos and render the IPR proceedings a nullity at any time. The court is not willing to stay these case proceedings based on two IPRs with so much uncertainty.

Third, contrary to Overstock's contention that the IPR proceedings will simplify the issues for trial, the court's experience has been that IPR proceedings often do not simply issues in district court cases. That is because the IPR proceedings add to the intrinsic record of a patent.

In sum, Overstock is seeking a stay based on purely hypothetical IPR proceedings that have not yet been—and may not ever be—instituted. And even if the PTAB does later institute IPR proceedings, those proceedings may cease at any time without Overstock's involvement.

6

For these reasons, the court finds that any likelihood that a stay will result in simplifying the issues before the court is too speculative, and this factor weighs against a stay.

### C. Prejudice and Tactical Disadvantage

The third factor to be considered in determining whether to stay this case is undue prejudice or a clear tactical disadvantage to the nonmoving party. In evaluating this factor, "courts have taken a practical approach to determining whether the non-movant will suffer undue prejudice from a stay. A court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination, or where the stay will do nothing but delay the proceedings." Mere delay in the litigation, however, does not establish undue prejudice. *Digital Ally*, 2017 WL 1048351, at *3 (citing *Universal Elecs.*, 943 F. Supp. 2d at 1033).

Overstock argues that a stay presents no undue prejudice to Lexos because the Asserted Patents expired between three and five years before Lexos even filed suit. (ECF 74, at 17.) Moreover, Lexos is a non-practicing entity that seeks a reasonable royalty, not injunctive relief. (*Id*. at 17-18.) Lexos contends that, as a patentee, it has "an interest in the timely enforcement of its patent rights." But the court is unpersuaded by this. Lexos has not shown that it will suffer undue prejudice from delayed enforcement of its patent rights. (ECF 79, at 19.) Lexos also accuses Overstock of having a "dilatory motive" because of its counsel's prior involvement as counsel for Office Depot in the Eastern District of Texas litigation over these same patents. But this convoluted argument does not explain why Amazon's delay in filing for IPR should be attributed to Overstock in this case or causes prejudice to Lexos. Similarly, Lexos has not shown that Overstock's one-and-one-half-month delay in filing its motion to stay after Amazon filed its IPR petition constitutes dilatory conduct that prejudiced Lexos. (ECF 79, at 18-19.)

7

In sum, the risk of prejudice here is non-existent or minimal, at worst. Lexos's lack of urgency in bringing suit, combined with its status as a non-practicing entity seeking only monetary relief, is a strong indicator that Lexos will not suffer undue prejudice from a stay. *Putco, Inc. v. Carjamz Com Inc.*, No. 20-cv-50109, 2021 WL 4926499, at *2 (N.D. Ill. Mar. 2, 2021) ("This lack of urgency in filing the Complaint further indicates that Putco will not suffer undue prejudice from a stay."); *Norred*, 2014 WL 554685, at *4 (finding no undue prejudice from a stay where "Plaintiff does not compete with Defendants and is, therefore, at no risk of losing market share during the stay" and "the purpose of this action is not to enjoin Defendants' activities, but to extract a licensing agreement and royalties"). The court therefore finds that this factor weighs in favor of a stay. On balance, however, all three factors weigh against a stay.

## IV. CONCLUSION

Given the speculative nature of the IPRs at this point and Overstock's lack of control over the IPR proceedings, the court cannot find any persuasive reason why this case should not move forward at this procedural juncture.

**IT IS THEREFORE ORDERED** that Overstock's Motion to Stay Pending Inter Partes Review and Other USPTO Activity Concerning the Asserted Patents (ECF 74) is denied. The deadlines and settings in the court's Initial and Claim Construction Phase Scheduling Order (ECF 32) remain in effect.

**IT IS SO ORDERED.**

Dated August 31, 2023, at Kansas City, Kansas.

                                    s/ Angel D. Mitchell
                                    Angel D. Mitchell
                                    United States Magistrate Judge