UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LEXOS MEDIA IP, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-CV-02324 |
| v. | ) |
| | ) |
| OVERSTOCK.COM, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Lexos Media IP, LLC ("Lexos Media") filed this patent-infringement action against defendant Overstock.com, Inc. ("Overstock"), in response to which Overstock asserts counterclaims seeking declarations of noninfringement and invalidity of the three asserted patents. This matter is now before the court on the parties' Joint Motion to Stay. (ECF 108.) By way of this motion, the parties seek to stay the case "in order to enable Lexos Media to resolve various legal issues pending in a related case" concerning the same three patents. (ECF 108, at 1.) For the reasons discussed below, the court grants the motion to the extent that the court will stay all deadlines in this case for six months, but the court will not allow the case to remain stayed indefinitely. By September 10, 2024, the parties must file either (1) a joint motion to lift the stay, in which case the court intends to lift the stay and re-set all remaining case-management deadlines six months from their current dates, or (2) if the parties are not prepared to proceed with the case by then, a response that shows cause why the court should not recommend that the district judge dismiss the parties' claims and counterclaims for failure to prosecute.

**I. BACKGROUND**

On August 16, 2022, Lexos Media filed this lawsuit in which it asserted claims against Overstock for infringement of two related patents, U.S. Patent Nos. 5,995,102 ("the '102 Patent") and 6,118,449 ("the '449 Patent"). In January 2023, Lexos Media amended its

1

complaint to add a claim for infringement of a third related patent, No. 7,975,241 ("the '241 Patent") (collectively, the "Asserted Patents").  Meanwhile, Lexos Media has filed many similar patent infringement cases around the country, including a case against Amazon.com, Inc. in the Eastern District of Texas (the "*Amazon*" case) and another case against eBay, Inc. in the Northern District of California (the "*eBay* case").

In July 2023, Overstock sought a stay of this case pending resolution of Amazon's challenges to the '102 and '449 Patents via inter partes review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB").  (ECF 74, 76.)  The court denied the stay because, "[g]iven the speculative nature of the IPRs at this point and Overstock's lack of control over the IPR proceedings, the court cannot find any persuasive reason why this case should not move forward at this procedural juncture."  (ECF 82, at 8.)

The court concluded claim construction proceedings in this case with a Markman hearing on November 20 and a claim construction order on December 4.  (ECF 94, 99.)  On January 17, 2024, the court issued a Phase II Scheduling Order that set a May 31 deadline for substantial completion of fact discovery and initial expert witness disclosures, a June 24 deadline for rebuttal expert witness disclosures, late July deadlines to complete expert discovery and submit the proposed pretrial order, a pretrial conference on August 6, and an August 19 dispositive-motion deadline.  (ECF 105.)

On March 8, Overstock notified the court that the PTAB granted Amazon's IPR petitions, which challenge all of the claims of the '102 and '449 Patents that Lexos Media asserts in this case against Overstock.  (ECF 106.)  Overstock's notice also stated that Amazon had settled its district court case and sought to terminate the Amazon IPRs, but the PTAB granted eBay's motion to join the IPRs.  In other words, eBay effectively took over the Amazon IPRs.  The

2

PTAB should issue its final written decisions as to the validity of the asserted claims of the '102 and '449 Patents in December 2024.  (*Id.*)

The parties now move the court to stay the current case due to recent developments in the *eBay* case that is currently pending in the Northern District of California, which involves the same three patents that are asserted in this case.  According to the motion, the court in the *eBay* case recently granted eBay's motion to dismiss Lexos Media's claim for infringement of the '241 Patent, finding the patent invalid for failure to claim priority to the June 25, 1997 invention date for the related applications.  (ECF 108-1, 108-3.)  Lexos Media says it intends to appeal that decision to the Federal Circuit and filed a Rule 54(b) motion requesting entry of final judgment to expedite that appeal.  (ECF 108, at 2; ECF 108-2.)  In addition, the district court in the *eBay* case granted eBay permission to file an early summary judgment motion with respect to the other two patents.  (ECF 108, at 2.)  The court set deadlines such that briefing on the anticipated summary judgment motion will be complete by May 30, and a motion hearing is set for June 18.  (ECF 108-3.)

In light of these developments in the *eBay* case, the parties ask the court for (1) a stay of the claim for infringement of the '241 Patent until resolution of the Federal Circuit appeal of the *eBay* court's decision regarding the '241 Patent; and (2) a stay of the claims for infringement of the '102 and '449 Patents pending the resolution of eBay's anticipated early summary judgment motion regarding those same patent claims.  (ECF 108, at 2-3.)  The parties also suggest that the court could order the parties to file quarterly reports regarding the status of these matters.  (*Id.* at 3.)  Lastly, the parties request that the court vacate the remaining deadlines in the Phase II Scheduling Order.  (*Id.*)

## II. LEGAL STANDARD

The decision to stay litigation is left to the discretion of the trial court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he district court . . . has, within its inherent power to control the docket, the discretion to stay proceedings pending before it if, after weighing the competing interests, the circumstances of a particular case lean in favor of a stay." *Bushnell Inc . v. The Burton Co.*, No. 09-2009, 2010 WL 11561389, at *1 (D. Kan. Jan. 11, 2010) (internal quotations omitted). "Consideration should be given to the time and effort involved for counsel, the parties, and the court itself." *Id.*

## III. ANALYSIS

The parties contend that a stay should be granted because (1) discovery is not complete and a trial date has not been set; (2) a stay will simplify or eliminate certain issues before the court; and (3) a stay will not unduly prejudice or disadvantage a party. (ECF 108, at 3-4.) These are the factors the court considers on a motion to stay proceedings pending IPR, but IPR proceedings are not the reason the parties seek a stay at this juncture. Rather, the parties are seeking a stay based on the district court's decision in the *eBay* case to dismiss the claims of one patent-in-suit and to allow summary judgment briefing on the other two patents-in-suit. The decision of whether to issue a stay in these circumstances must be based on a weighing of the competing interests and consideration of "the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Here, the *eBay* court's decision regarding the '241 Patent does not have preclusive effect on the claims in this case unless and until it is a final decision—meaning, either the time for appeals have run or the issue has been finally decided by the appellate courts. To the court's knowledge, the *eBay* court has not ruled on Lexos Media's Rule 54(b) motion requesting entry of

4

final judgment so that Lexos Media can seek interlocutory appeal of that issue.  Unless and until the Federal Circuit affirms the *eBay* court's decision concerning the priority date and validity of the '241 patent, that remains an issue for resolution in this litigation.  So the parties can either continue to litigate the priority date issue in this litigation and/or the Federal Circuit may finally resolve the issue before trial in this case.

As for eBay's anticipated early summary judgment motion on the '102 Patent and the '449 Patent, the motion is simply too uncertain, both as to timing and outcome.  It is unknown (1) when the *eBay* court will decide the summary judgment motion, (2) what issues will be presented in the motion, (3) whether the court will grant summary judgment on whatever issues are presented, and (4) the extent to which issues will remain for trial after the summary judgment decision (which would even further prolong resolution of the issues).  And, like with the *eBay* court's dismissal order regarding the '241 Patent, any dispositive decision as to the '102 Patent and the '449 Patent in the *eBay* case would not be final until all appeals have been exhausted.  Indeed, the parties' joint motion admits that the *eBay* court's summary judgment decision would only be "instructive."  (ECF 108, at 4.)

In sum, it appears that this case could theoretically be stayed for years while issues presented in the *eBay* case are finally resolved and, even then, they could be resolved in ways that would not have preclusive effect as to the issues that might be presented in this litigation. The court is therefore unpersuaded that staying this case is likely to simplify the issues, result in significant efficiencies, or further the "just, speedy, and inexpensive determination" of this action.  *See* FED. R. CIV. P. 1.  For these reasons, the competing interests in this case do not necessarily favor a stay of proceedings, and certainly not for the indeterminate length of time requested by the parties.  That said, the court appreciates that the parties may need some time to

5

regroup and decide whether and how they want to proceed with this litigation in light of all that is transpiring in the *eBay* case and related IPR proceedings. For all of those reasons, the court will grant the motion to stay to the extent that the court will stay this case for six months. During that time, the parties should seriously evaluate the possibility of settlement or decide how they may wish to litigate the issues in this case more efficiently given the co-pending litigation and IPR proceedings. But the court will not stay the case indefinitely simply because of those proceedings. Lexos Media brought multiple cases simultaneously on the same asserted patents in different jurisdictions, and therefore was aware that it could be confronted with the possibility of having to litigate similar issues on the same patents simultaneously in different jurisdictions. As such, Lexos Media and Overstock should be prepared to prosecute their claims and counterclaims in this case despite the current state of affairs. If one or both are not, then they must show cause why the court should not recommend that the district judge dismiss this case for lack of prosecution.

Accordingly, for the reasons set forth above, the court grants the parties' motion to stay in part, insofar as the court stays all deadlines in the case for six months. The court further orders the parties to file, by September 10, 2024, either (1) a joint motion to lift the stay, in which case the court will intend to lift the stay and re-set all remaining case-management deadlines six months from their current dates, or (2) if the parties are not prepared to proceed with the case at that point, a response that shows cause why the court should not recommend that the district judge dismiss their claims and counterclaims for failure to prosecute.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Stay (ECF 108) is granted in part and denied in part, as set forth above. The court vacates all remaining deadlines and settings in this case.

**IT IS FURTHER ORDERED** that, by September 10, 2024, the parties must file either (1) a joint motion to lift the stay or (2) a response that shows cause why the court should not recommend that the district judge dismiss their claims and counterclaims for failure to prosecute.

**IT IS SO ORDERED.**

Dated April 25, 2024, at Kansas City, Kansas.

                                   s/ Angel D. Mitchell
                                   Angel D. Mitchell
                                   United States Magistrate Judge