IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEXOS MEDIA IP, LLC,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**OVERSTOCK.COM, INC.,**<br><br>      **Defendant.** | Case No. 22-2324-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiff Lexos Media IP, LLC ("Lexos") brings this patent infringement action against Defendant Overstock.com, Inc. ("Overstock"), alleging infringement of three patents involving technology that could be used to modify an internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services. Before the Court is Defendant Overstock's Rule 11 Motion (Doc. 155). The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court denies Defendant's motion for Rule 11 sanctions.

### I.   Background

At a high level, Lexos alleges that Overstock's zoom feature infringes its patents. This feature allows a user to select a product image, which then generates a larger version of that image to the right of the original image that the user can navigate. A shaded, semi-transparent box is generated around the cursor.

The three patents are: U.S. Patent Nos. 5,995,102 ("the '102 Patent") and 6,118,449 ("the '449 Patent"), both of which are entitled "Server system and method for modifying a cursor image"; and U.S. Patent No. 7,975, 241 ("the '241 Patent"), entitled "System for replacing a cursor image in connection with displaying the contents of a web page." Lexos alleges in the

Amended Complaint that Overstock directly infringed Claim 72 of the '102 Patent; Claims 1, 38, and 53 of the '449 Patent; and Claim 35 of the '241 Patent since at least 2016.

Lexos may only recover as to the '102 and '449 patents for infringement that occurred between August 16, 2016 and June 25, 2017. This is because under 35 U.S.C. § 286, a plaintiff cannot recover for patent infringement committed more than six years before filing the complaint—here, August 16, 2016. And under 35 U.S.C. § 171, patents expire twenty years after filing—June 25, 2017, for the '102 and '449 patents. In its motion for judgment on the pleadings, Overstock argued that Lexos failed to state a plausible claim of infringement on these patents because the screen shots it provided in the First Amended Complaint—Figures 1, 2, and 3—are dated June 18, 2014, outside the statute of limitations. The Court ruled that Plaintiff pled sufficient facts to state a plausible claim that Defendant's alleged infringement occurred during the relevant timeframe, and the dates in the First Amended Complaint fail to make clear that the patent claims were extinguished before August 16, 2016.

Now, discovery has closed,[1] and Defendant takes the position that Plaintiff failed to produce proof of infringement between August 16, 2016, and June 25, 2017. As such, Defendant maintains that Plaintiff violated Fed. R. Civ. P. 11 by failing to withdraw its patent-infringement claims despite being provided with notice and opportunity to do so.

**II.    Legal Standard**

Under Rule 11(b):

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[1] *See* Doc. 171 at 48.

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

As the Supreme Court has explained, "the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts."[2] "The award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction."[3] The Court applies regional circuit law in deciding a Rule 11 motion in a patent infringement case.[4]

## A. Safe Harbor Letter

As a threshold matter, the parties dispute whether Defendant followed Rule 11(c)(2)'s requirement that the moving party serve "the motion" under Rule 5 and that "it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Plaintiff argues that Defendant's motion is procedurally deficient because its many

---

[2] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[3] *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citation modified).

[4] *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1278 (Fed. Cir. 2012).

3

warning letters about the purported Rule 11 violation did not suffice to serve "the motion" 21 days before it was filed as required by the rule. Plaintiff further argues that "the motion" attached to Defendant's March 4, 2025 letter was insufficient because it was a draft and did not include the exhibits that were ultimately attached to the motion that was filed. Defendant replies that it complied with Rule 11(c)(2) by serving Plaintiff with a "substantively identical" Rule 11 motion on March 4, 2023, more than 21 days before it filed the motion before the Court.

The Court finds that Defendant complied with Rule 11(c)(2). Plaintiff is correct that Tenth Circuit authority provides that the safe-harbor provision "requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion."[5] A warning letter, standing alone, is insufficient.[6] But the Tenth Circuit has "declin[ed] 'to read into the rule a requirement that a motion served for purposes of the safe harbor period must include supporting papers such as a memorandum of law and exhibits.'"[7] If all of the supporting papers are not included, the Court must ensure that "the motion . . . provide[s] sufficient 'notice [of the claimed sanctionable conduct] for the protection of the party accused of sanctionable behavior.'"[8] Plaintiff fails to point the Court to authority that requires service of an exact duplicate of the motion that is ultimately filed.[9]

---

[5] *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

[6] *Id.* at 1192–93.

[7] *Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 757 (10th Cir. 2015) (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012)).

[8] *Id.* (second alteration in original) (quoting *Roth*, 466 F.3d at 1192).

[9] Plaintiff instead relies on the language used in *Roth* and subsequent cases applying it that Rule 11 requires service of the "actual motion." *See, e.g.*, *Roth*, 466 F.3d at 1192; *Rusk v. Fid. Brokerage Servs.*, 850 F. App'x 657, 659 (10th Cir. 2021); *KCI Auto Auction, Inc. v. Anderson*, No. 19-1138, 2023 WL 4744032, at *2 (D. Kan. July 25, 2023). But the cited cases do not discuss what "actual motion" means. Instead, they use the term to distinguish serving a motion from serving a warning letter. *See Rusk*, 850 F. App'x at 659 (rejecting moving party's substantial compliance argument that a letter threatening to sue was sufficient, and stating that "our precedent requires service of the actual motion to be filed; warning letters are insufficient"); *KCI Auto*, 2023 WL 4744032, at *2 (finding

The Court has compared the letter attached to Defendant's March 4 letter[10] and the motion that was ultimately filed, which was a combined motion and memorandum in support. It is substantially the same combined motion and memorandum. While the motion sent on March 4 lacks tables of contents and authorities, some citations, and the section of the motion pertaining to procedural history after the motion was served, it sufficiently placed Plaintiff on notice of the claimed sanctionable conduct. The substantive portion of the motion is the same. Thus, the Court declines to find that Defendant's motion must be denied as procedurally improper.

### B. Rule 11 Violation

The Court now turns to the first step of the Rule 11 analysis: whether Plaintiff submitted a pleading that violates Rule 11(b). In determining whether an attorney's conduct violates Rule 11, the Court employs an "objective reasonableness standard."[11] "Because our adversary system expects lawyers to zealously represent their clients, [the Rule 11] standard is a tough one to satisfy; an attorney can be rather aggressive and still be reasonable."[12]

Defendant identifies "the complaint" as the operative pleading violative of Rule 11 because Plaintiff has "present[ed] no evidence to support" the infringement claims asserted therein.[13] According to Defendant, Plaintiff cannot prove its claims for two reasons: (1)

---

failure to comply where the moving party only served a warning letter); *AZ DNR, LLC v. Luxury Travel Brokers, Inc.*, No. 13-2599-JWL, 2014 WL 11497945, at *3 (D. Kan. June 30, 2014) (same). The Court therefore follows the *Burbridge* decision, which neither party cited, because it considers what is intended by the word "motion" in Rule 11(c)(2). Given the court's holding in *Burbridge* that serving a motion without the accompanying memorandum or exhibits would suffice as long as it provides the requisite notice, this Court is hard pressed to find that Defendant's combined motion and memorandum, which is substantively identical to the draft served on March 4, does not suffice in this case.

[10] Doc. 155-12.

[11] *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019).

[12] *Id.* (citation modified).

[13] Doc. 162 at 2. Defendant identified the pleading to which its motion for sanctions applies for the first time in its reply. The Court presumes that Defendant's reference to "the complaint" refers to the First Amended Complaint.

Plaintiff's technical expert, Dr. Samuel Russ, applied the incorrect claim construction for the term "cursor image" in rendering his opinion; and (2) an interrogatory answer Plaintiff provided about the evidence it relies on to support its infringement claims bars it from proving that Defendant infringed during the damages period with other evidence.

As described below, the Court does not find a Rule 11 violation. Defendant's arguments go to the merits of the case—whether Plaintiff has produced sufficient evidence to support its patent-infringement claims. The Court would expect to consider these arguments in the context of summary judgment, a *Daubert* motion, or perhaps a request for sanctions under Rule 37. But they do not support Defendant's position that "the complaint" in this case violates Rule 11. Without resolving the merits of whether there is sufficient evidence to support Plaintiff's claims, the Court finds that it was objectively reasonable for Plaintiff's counsel to continue to pursue those claims in this case.

### 1. Dr. Russ's Expert Reports

Every asserted patent claim in this case requires a "cursor image." The parties agreed to construe that term as it was construed in a previous case involving these patents, *Lexos Media, IP, LLC v. Nike, Inc.*: "a movable image on a display screen whose position can be controlled through a user interface and that indicates where user input can be received."[14] On December 4, 2023, this Court entered its Claim Construction Order, which included this agreed construction.[15]

Plaintiff designated Samuel Russ, Ph.D., as its technical expert in this case. In his opening report that was disclosed on December 31, 2024, he incorrectly identified the construction for "cursor image" as "a movable image on a display screen whose position can be

---

[14] No. 22-311, slip op. at 9–10, 19 (E.D. Tex. May 30, 2024).

[15] Doc. 99.

controlled through a user interface."[16] In other words, he failed to include the second part of the Court's construction, "and that indicates where user input can be received." The mistake was also included in his rebuttal report.[17] Defendant argues that this is a fatal error that necessitates dismissal of the patent infringement claims. Plaintiff characterizes it as a typographical error that is harmless.

In support of its claim that this mistake, inadvertent or otherwise, creates a Rule 11 issue, Defendant relies on the following contentions: (1) because Dr. Russ applied an incomplete claim construction for "cursor image" in his reports, he is not entitled to offer an opinion on the construction of that term at all, (2) because he cannot offer an opinion on that term, his opinion is so unreliable that it is "doomed to fail," and (3) because his opinions will be excluded, Plaintiff has no infringement claim.[18] Thus, to prove that Plaintiff's counsel did not have an objectively reasonable basis to pursue its claim in this case, Defendant asks this Court provide an advisory opinion that it will grant a motion to exclude Dr. Russ's expert testimony under *Daubert* because it is unreliable.[19]

The Court agrees with Plaintiff that Defendant "never explains any substantive difference between, or allegedly dispositive effect of, Dr. Russ's applied construction and the use of the agreed-upon construction in this case."[20] Indeed, Defendant failed to even attach the full reports to its motion, apparently expecting the Court to simply adopt its contention that Dr. Russ's

---

[16] Doc. 155-8 at 3 (excerpted from page 15 of the report).

[17] Doc. 155-9 at 3 (excerpted from page 26 of the report).

[18] Doc. 155 at 13.

[19] Notably, Defendant has moved to exclude Dr. Russ's report on a different basis—that it advances a new infringement theory that was not previously disclosed. Doc. 133. Presiding Magistrate Judge Angel Mitchell denied that motion on March 28, 2025, finding that Plaintiff's infringement contentions provided adequate notice of the theories in Dr. Russ's report. Doc. 156.

[20] Doc. 161 at 17.

incorrect recitation of the "cursor image" construction in the reports was, in and of itself, fatal to their admissibility. The Court declines to decide the admissibility or reliability of Dr. Russ's report at this juncture outside of a fully briefed motion to exclude under *Daubert*. Defendant's request for such an advisory ruling is simply insufficient to support its Rule 11 motion.[21]

### 2.     Interrogatory 15

Defendant served Interrogatory No. 15 on January 12, 2024, requesting that Plaintiff "[i]dentify all facts and evidence that support Your contention that the Accused Instrumentality was in use or available on the overstock.com website between August 16, 2016 and June 25, 2017."[22] On February 12, 2024, Plaintiff lodged some general objections and responded:

> Plaintiff relies on the Wayback Machine Internet Archive captures of Defendant's website that show Defendant's website utilizing the Accused Instrumentality from 2014 to 2022, which can be seen at least at Bates No. LEXOS_OVS_000001-653. *See also*, Plaintiffs [sic] most recently Amended Complaint. These captures depict the Accused Instrumentality in use on the overstock.com website both before and after the 10-month timeframe of August 16, 2016 to June 25, 2017. *See* Bates No. LEXOS_OVS_000388-390; LEXOS_OVS_000391-398. Plaintiff also directs Defendant to Plaintiff's most recently served infringement contentions concerning the Accused Instrumentality. Plaintiff has drawn the reasonable inference from these facts that Overstock has consistently used the Accused Instrumentality during the 10-month timeframe of August 16, 2016 to June 25, 2017. Overstock has not pointed to any incontrovertible facts to show that this is an implausible inference. Plaintiff will continue to investigate this matter and will supplement this Interrogatory Response should it find any material that alters its Response.[23]

---

[21] Because the Court need not rely on it in deciding this motion, Defendant's motion to strike Dr. Russ's April 10, 2025 Declaration is denied as moot. It will decide the admissibility of Dr. Russ's expert opinion when it decides Defendant's recently-filed (well after this motion was fully briefed) motion to exclude under *Daubert*. Doc. 174. That motion is not yet ripe.

[22] Doc. 155-10 at 2.

[23] *Id*. at 3.

According to Defendant, because this response offers only evidence from outside August 16, 2016, to June 25, 2017, Plaintiff can have no objectively reasonable patent-infringement claim.

In a letter to Defendant's counsel dated October 18, 2024, addressing its contention that there is "no evidence of infringement of the '102 and '449 Patents during the relevant time frame," Plaintiff's counsel responded that "it has produced evidence showing 'that the technology reflected in these screenshots continued during the relevant time frame,'" including screenshots from the Wayback Machine, Defendant's own interrogatory responses about its "hover zoom functionality," and Defendant's source code. Plaintiff also points to Dr. Russ's report.

The Court agrees with Plaintiff that its response to this Interrogatory does not demonstrate a Rule 11 violation. As an initial matter, the interrogatory itself cannot be the basis for a Rule 11 violation.[24] Defendant asserts instead that Plaintiff is boxed in to its interrogatory response, and because none of the evidence identified in that initial response shows that Defendant infringed during the relevant timeframe, Plaintiff cannot support its patent-infringement claims. But Defendant overreads the scope of the interrogatory, fails to acknowledge the concept of circumstantial evidence, and fails to address the additional evidence that Plaintiff pointed to as far back as October 18, 2024, that it claims supports its patent-infringement claims.[25]

The interrogatory does not, as Defendant asserts, ask for "the facts and bases for Lexos Media's allegations of infringement," nor does it ask Plaintiff to identify all of its "theories" of

---

[24] *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

[25] Indeed, Defendant's reply does not address the interrogatory at all.

infringement.[26] In its initial response, Plaintiff referred Defendant to the Wayback Machine screen shots, its infringement contentions, and its First Amended Complaint. In the Rule 11 motion, Defendant makes the conclusory assertion that "[n]one of these material negates the fact that Overstock's Accused Instrumentality was not enabled during the Damages Period."[27] Defendant further asserts that the materials do not reference Dr. Russ's reports or the '241 Patent and do not apply the Court's construction of "cursor image."

The Court cannot find that Plaintiff or its counsel did not have an objectively reasonable basis for pursing its claims based on these arguments. First, Defendant failed to attach Plaintiff's infringement contentions, so the Court cannot and will not conclude that they fail to include actionable claims as Defendant urges. Second, as the Court ruled in denying Defendant's motion for judgment on the pleadings, the First Amended Complaint states a plausible claim of infringement even though the Wayback Machine screen shots contained therein are from outside the damages period.[28] Third, of course Plaintiff's interrogatory response did not refer to Dr. Russ's report; that report was disclosed after the interrogatory responses. Plaintiff takes the position that the report supplemented the interrogatory response.[29] Defendant offers no reply argument on this point. In sum, Defendant's reliance on Plaintiff's answer to Interrogatory 15 fails to demonstrate that Plaintiff did not have an objectively reasonable belief in its patent-

---

[26] *See* Doc. 155 at 11–12.

[27] *Id.* at 11.

[28] *See, e.g.*, *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1326 (Fed. Cir. 2009) ("Direct infringement can be proven by circumstantial evidence.").

[29] *See* Fed. R. Civ. P. 26(e)(1) advisory committee's note to 1993 amendment ("The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.").

infringement claims.  And because Plaintiff fails to demonstrate a violation, the Court need not consider an appropriate sanction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Overstock's Rule 11 Motion (Doc. 155) is **denied**.

**IT IS SO ORDERED.**

Dated: June 16, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
