IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEXOS MEDIA IP, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**OVERSTOCK.COM, INC.,**<br><br>Defendant. | Case No. 22-2324-JAR |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Lexos Media IP, LLC's Opposed Motion to Seal Documents (Doc. 183) and Defendant Overstock.com, Inc.'s Unopposed Motion to Seal Documents (Doc. 187). These motions are ripe for decision, and the Court is prepared to rule. As described below, the Court grants the motions to seal, denies Plaintiff's request for notice to the third-parties identified in its motion, denies without prejudice Defendant's motion to redact its motion for fees and costs, and directs the Clerk to unseal the remaining provisionally-sealed documents for which no party has moved to seal.

### I. Motions to Seal

"Courts have long recognized a common-law right of access to judicial records."[1] This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[2] This right of access, however, "is not absolute."[3] The Court may, in its discretion, "seal documents if

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

the public's right of access is outweighed by competing interests."[4]  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[5]  The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[6]

Thus, under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the right of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[7]

### A.   Plaintiff's Motion to Seal Docs. 175-4, 175-7, 175-8, 175-9, 177-25, and 177-26

Plaintiff moves to seal six settlement agreements attached to Defendant's motion for summary judgment and its motion to exclude Plaintiff's expert, Justin Blok.  Each agreement is between Plaintiff and a third party.  Each agreement contains a confidentiality provision.  In addition to sealing, Plaintiff asks that the Court require Defendant to provide notice under D. Kan. Rule 5.4.2(b) to the third-party signatories to the settlement agreements because they constitute "Proponents" under the local rule.

The Court first addresses whether these settlement agreements should be sealed.  Plaintiff has demonstrated an interest in maintaining the confidentiality of the terms of its settlement

---

[4] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[5] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc*., 846 F.2d 249, 253 (4th Cir. 1988)).

[6] *Colony Ins. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[7] D. Kan. R. 5.4.2(c)(1)–(4).

agreements. As the Tenth Circuit has explained, "preserving the confidentiality of settlement agreements may encourage settlement, and . . . denying a motion to seal may chill future settlement discussions."[8] While there may be particular cases where the parties' interest in keeping those agreements confidential do not outweigh the public's right of access, for example when they are central to the adjudication of substantive rights,[9] the Court is satisfied that the cited confidentiality interests here outweigh the public's right of access. On the motion to exclude, the expert bases some of his opinions on the attached past settlement agreements. The details of much of those settlement agreements are incidental to the motion, and the motion itself will be unsealed. Thus, the Court does not find that the public's right of access to documents that inform the Court's decision-making process is outweighed by Plaintiff's and the third-parties' interest in confidentiality. Plaintiff's motion to seal is therefore granted.

Although moot given that the Court has sealed the documents, Plaintiff also asks the Court to require Defendant to provide a notice of proposed sealed record to the third parties to the sealed settlement agreements because they are "Proponents" under this Court's local rule and should have the opportunity to weigh in on whether the settlement agreements should be sealed. The Court proceeds to consider this question given that it may arise again in the context of subsequent briefing on these underlying motions.

In this District, a party may provisionally file documents under seal that "it reasonably believes may contain confidential information."[10] The filing party must file a notice of proposed sealed record as follows:

> **(b) Notice.** Immediately after the provisional under-seal filing, the filing party must file a notice of proposed sealed record. The

---

[8] *Colony Ins.*, 698 F.3d at 1241.

[9] *See id.*

[10] D. Kan. Rule 5.4.2(a).

3

>notice must (1) identify the subject confidential information by the ECF docket number of the provisional under-seal filing and (2) state the extent to which the filing party seeks to maintain the information under seal and the identities of any other parties and/or non-parties that previously designated the information as confidential pursuant to a protective order ("the Proponent"). The filing party must (1) serve the notice on all Proponents and (2) provide notice to any Proponent that is a non-party to the litigation that the Proponent should follow the procedure set forth in subsection (c) to the extent the Proponent wants to maintain the document or portions thereof under seal. The party that provisionally filed the document under seal has no obligation to assert the confidentiality interests of other Proponents.[11]

After this notice is filed, a Proponent may file a motion to seal or redact.[12]

Thus, under the rule, a Proponent includes "any other parties and/or non-parties that previously designated the information as confidential pursuant to a protective order." Plaintiff argues in its motion that because the settlement agreements were produced to Defendant under terms that authorize the disclosure only pursuant to a protective order, all signatories to the agreements "designated the information as confidential pursuant to a protective order." Defendant responds that the third-party signatories to the settlement agreements did not produce or designate the documents under any protective order in this case or any other case and, thus, they are not Proponents under the Court's local rule.

The Court agrees with Defendant's interpretation of the rule. Plaintiff produced the settlement agreements to Defendant during discovery and designated them confidential pursuant to the protective order *in this case*. The third parties agreed to confidentiality provisions in their respective settlement agreements in other cases—that the settlement agreements would not be disclosed by either party unless it was pursuant to a protective order. Here, Plaintiff complied

---

[11] D. Kan. Rule 5.4.2(b).

[12] D. Kan. Rule 5.4.2(c).

4

with the confidentiality provisions in its settlement agreements by designating them as confidential under the protective order in this case; thus, Plaintiff is the Proponent here. Indeed, Plaintiff adequately protected the third-party signatories' confidentiality interests by producing them in this case in accordance with the terms of those agreements, and by moving to seal them. Defendant was not required to provide a notice of proposed sealed record to these third parties.

    **B.    Defendant's Unopposed Motion to Redact or Seal Docs. 181, 181-3, 181-4, 181-5, 181-6, and 181-7**

Defendant moves to seal or redact several documents related to its Motion for Fees and Costs.[13] Defendant first moves to seal Exhibits 3–7 and redact references to these exhibits in the motion itself. Plaintiff does not oppose the motion. Exhibits 3–7 are billing records from its supplemental expert and attorneys, and a summary of fees.[14] Defendant argues that its interest in maintaining the confidentiality of these documents outweighs the public's right of access because: (1) "pricing and budgeting information may be considered proprietary" to the attorneys and expert,[15] and (2) the documents contain protected work product. The Court addresses each in turn.

Defendant argues that cases in this district support sealing pricing and budgeting information. But the cited cases address a party's proprietary information such as customer information, pricing, costs, expenses, and profits.[16] They do not address rate and billing

---

[13] Doc. 181.

[14] Docs. 181-3, 181-4, 181-5, 181-6, and 181-7

[15] Doc. 187 at 2.

[16] *See, e.g.*, *Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, at *2 (D. Kan. Apr. 19, 2024); *United States ex rel. Schroeder v. Medtronic, Inc.*, No. 17-2060-DDC-BGS, 2024 WL 3695295, at *2 (D. Kan. Aug. 7, 2024). Defendant's reliance on *Progressive Nw. Ins. v. Gant*, No. 15-9267-JAR/KGG, 2017 WL 656676, at *8 (D. Kan. Feb. 16, 2017) is likewise misplaced. That case ruled on scope objections to discovery of billing statements a party received from an expert or his law firm. The court determined that the objections were waived. The court also considered whether certain confidential designations were appropriate under the protective order, finding that "an e-mail from an expert retained by Plaintiff to the claims adjuster assigned to the underlying lawsuit" should be designated as confidential because "[i]t encloses the expert's CV and cost estimate for expert

information for attorneys or retained experts. Defendant does not point the Court to any authority supporting its position that their experts and attorneys have a confidentiality interest in their rates and hours expended that outweighs the public's right of access to the very information that supports the fee request.[17]

Defendant also cites the work product doctrine in support of its motion to seal Exhibits 3–7. The Tenth Circuit has recognized that attorney billing records and time sheets may be protected by the work product doctrine.[18] For example, descriptions of time entries may reveal litigation strategy or legal service provided.[19] Thus, the Court agrees that the billing records should be permanently sealed because Defendant's interest in maintaining the confidentiality of its work product outweighs the public's right of access.

Second, Defendant asks the Court to allow it to redact from its motion for fees and costs references to the billing record information from Exhibits 3–7. But Defendant failed to follow the procedure set forth in D. Kan. Rule 5.4.2(c) that applies to redactions. Because Defendant failed to email the Court a copy of its proposed redactions, it cannot review them to determine if they meet the standards for sealing. Thus, the Court denies Defendant's motion to redact its motion for fees and costs without prejudice. Upon refiling, Defendant shall comply with the

---

work on the underlying lawsuit." *Id. Progressive* did not consider the issue of sealing, which applies a wholly different standard and analysis. *See Helm v. Kansas*, 656 F.3d 1277, 1292–93 (10th Cir. 2011) ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.").

[17] *See Iqasr LLC v. Wendt Corp.*, No. 16-CV-01782, 2019 WL 1075477, at *11 (D. Colo. Mar. 7, 2019) ("Ordinarily, the Court would agree with Wendt that the public has no particular right to access information regarding Wendt's legal expenditures or the rates its counsel charged it. But Wendt put those expenditures at issue by requesting a fee award from the Court. Wendt was free to keep its legal expenditures private by waiving any right to a judicially-enforceable fee award, or it could pursue such an award at the cost of making its legal expenditures public, but it cannot have both.").

[18] *Team Sys. Int'l, LLC v. Haozous*, 706 F. App'x 463, 466 (10th Cir. 2017).

[19] *Id.*

local rule and ensure that its redactions are narrowly tailored to the asserted confidentiality interest in protecting Defendant's work product. Defendant's motion for fees and costs (Doc. 181) shall remain provisionally sealed in the meantime. If no renewed motion to redact is filed by July 23, 2025, the Court will direct the Clerk to unseal the motion.

### C.  Documents to be Unsealed

Other than the documents discussed above, no party has filed a motion to seal the following provisionally-sealed documents and the time to do so is expired:

1. Defendant's Motion to Exclude Expert Testimony of Justin Blok (Docs. 175, 175-1, 175-2, 175-3, 175-5, 175-6, 175-10, 175-11, 175-12, 175-13, 175-14, 175-15, 175-16 and 175-17).

2. Defendant's Motion for Summary Judgment (all documents except Docs. 177-25 and 177-26).

3. Defendant's Motion for Fees and Costs (Docs. 181-1, 181-2, and 181-8).

Therefore, pursuant to D. Kan. Rule 5.4.2(d), the Clerk is directed to unseal these documents.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Lexos Media IP, LLC's Opposed Motion to Seal Documents (Doc. 183) is **granted in part**. The Court **grant**s Plaintiff's motion to seal Docs. 175-4, 175-7, 175-8, 175-9, 177-25, and 177-26, but will not require Defendant to provide notice of sealed record to the third-party signatories to the contracts at issue.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant Overstock.com, Inc.'s Unopposed Motion to Seal Documents (Doc. 187) is **granted in part and denied in part without prejudice**. The Clerk shall permanently seal Docs. 181-3, 181-4, 181-5, 181-6, and

181-7.  Defendant's motion to redact Doc. 181 is denied without prejudice to refiling.  If no renewed motion to redact Doc. 181 is filed by July 23, 2025, the Clerk is directed to unseal it.

**IT IS FURTHER ORDERED BY THE COURT** that the Clerk is directed to unseal Docs. 175, 175-1, 175-2, 175-3, 175-5, 175-6, 175-10, 175-11, 175-12, 175-13, 175-14, 175-15, 175-16, 175-17, 177 through 177-24 and 177-27 through 177-41, 181-1, 181-2, and 181-8.

**IT IS SO ORDERED.**

Dated: July 11, 2025

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE