IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEXOS MEDIA IP, LLC,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**OVERSTOCK.COM, INC.,**<br><br>　　**Defendant.** | Case No. 2:22-cv-2324-JAR |

### ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff Lexos Media IP, LLC's Opposition to Defendant's Motion to Exclude the Testimony of Samule (sic) Russ, Ph.D. (Doc. 194), Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 193), and Plaintiff's Motion for Leave to File Corrected Opposition to Defendant's Motion to Exclude the Testimony of Samuel Russ, Ph.D. (Doc. 207). The Court has reviewed these documents and the related filings, which establish that Plaintiff's response briefs to Defendant's motion to exclude Dr. Russ and its motion for summary judgment contain defective legal citations that were created through the use of generative artificial intelligence ("AI"), which were not checked and confirmed before filing. These defects include: (1) nonexistent quotations; (2) nonexistent and incorrect citations; and (3) misrepresentations about cited authority.[1]

Six attorneys of record appear in this case on behalf of Plaintiff Lexos Media IP, LLC ("Lexos"): five out-of-state attorneys who have been admitted to practice pro hac vice, and one

---

[1] Doc. 200-1 (providing a table of fabricated and misleading case citations in Plaintiff's response brief to the motion to exclude Dr. Russ); Doc. 207 at 3 n.1 (admitting that Plaintiff's response to the summary judgment motion also contains "two paragraphs with the same mistake which were carried over concerning the *Cordis*, *Baldwin*, and *AstraZeneca* cases" and requesting that "the Court strike these citations" (citations omitted)); Doc. 201 at 14 n.2, 15 n.4 (documenting defective citations in the summary judgment response).

local counsel. On Plaintiff's recently-filed briefs responding to summary judgment and motions to exclude its experts, the signature pages list five of the six attorneys of record.[2] Yet, only one of Plaintiff's attorneys—out-of-state counsel Mr. Sandeep Seth—has submitted a declaration admitting to playing a role in submitting the defective citations in Plaintiff's briefs.[3] Overstock filed an opposition to Plaintiff's motion to correct, noting that counsel's admitted use of generative AI to draft the brief without confirming the authenticity of the research implicates Fed. R. Civ. P. 11 and Kansas Rule of Professional Conduct 3.3. Overstock has not moved for sanctions on this basis. Nonetheless, the Court may sua sponte "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."[4] "Courts across the country—both within the United States Court of Appeals for the Tenth Circuit . . . and outside of it—recognize that Rule 11 applies to the use of artificial intelligence."[5]

Despite Plaintiff's motion to correct and Mr. Seth's declaration eventually submitted along with the reply brief, the Court continues to have serious questions about how the defective citations and quotations in Plaintiff's briefing came to pass and the role played by the other

---

[2] While only local counsel's signature block contains an "s/" before his name, the Court considers all of the listed attorneys as signatories for purposes of Rule 11. *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.").

[3] *See* Doc. 207 ¶ 9 ("Undersigned counsel Sandeep Seth sincerely apologizes to the Court and opposing counsel for this oversight and submits this motion in accordance with Rule 11 and the Kansas Rules of Professional Conduct, which require candor toward the tribunal."); Doc. 211-1 ¶¶ 2–3 (Seth Decl. stating that the defective and quotations "were derived from research generated in part using [AI] tools, which were not independently verified prior to submission," and that "[w]hile I authored the majority of the document, the portions derived from AI-generated text should have been thoroughly checked and corroborated before filing. That they were not is inexcusable. It reflects a lapse in judgment on my part, and I offer my sincere and unqualified apology . . . .").

[4] Fed. R. Civ. P. 11(b)(3).

[5] *Coomer v. Lindell*, No. 22-CV-01129, 2025 WL 1865282, at *3 (D. Colo. July 7, 2025) (collecting cases).

attorneys who signed these documents on behalf of Lexos, but have not submitted declarations of their own.  Accordingly**, no later than January 5, 2026, the Court directs each of Plaintiff's attorneys on the signature blocks of Docs. 193 and 194 to show cause in writing, under penalty of perjury**, as specified below, why they should not be sanctioned under Rule 11 and referred to the disciplinary panel of this Court and to disciplinary administrators in the jurisdictions where they are licensed.[6]  Failure to show cause may result in sanctions under Rule 11, including monetary sanctions, attorneys' fees, revocation of pro hac vice privileges, continuing legal education requirements, and reporting obligations in their other cases and to the judges whose decisions were misquoted, misrepresented, or made up.  Upon review of these responses, the Court will determine whether an in-person hearing is required.

**IT IS THEREFORE ORDERED BY THE COURT** that:

1. By no later than **January 5, 2026**, each attorney for Lexos listed on the signature blocks of its briefs filed as Docs. 193 and 194 shall address in detail their respective roles in the drafting, review, and filing of these documents; which AI platform(s) were used; and the process, if any, used for cite-checking these documents before filing.  Counsel shall also address whether the process used for researching, cite-checking, and filing these documents differed from other filings in this case, and, if so, why.

2. Counsel shall address in their declarations the extent to which Lexos was advised and approved of counsel's use of generative AI in this matter.

---

[6] The parties reference Rule 3.3 of the Model Rules of Professional Conduct in the motion to correct, which concerns candor to the tribunal.  Several other rules may be implicated in this case, including, but not limited to, Model Rule 1.1 (duty of competence), Rule 1.4 (duty to communicate with clients), Rule 1.5 (duty to charge a reasonable fee), and Rule 1.6 (duty to maintain confidentiality).  *See also* D. Kan. Rule 83.5.4(c) ("An attorney who applies for admission pro hac vice by doing so consents to the exercise of disciplinary jurisdiction by this court over any alleged misconduct that occurs during the progress of the case in which the attorney so admitted participates."); D. Kan. Rule 83.6.1 (adopting the Kansas Rules of Professional Conduct and providing standards of conduct).

       3.       Counsel shall address whether Lexos was billed for the work involved in drafting the documents containing defective citations, the motion to correct, and the ensuing responses to this Order to Show Cause.

       4.       No later than **January 5, 2026**, Plaintiff's counsel shall certify that a copy of this Order to Show Cause has been provided to Lexos.

**IT IS SO ORDERED.**

Dated: December 15, 2025

                                                           S/ Julie A. Robinson
                                                           JULIE A. ROBINSON
                                                           UNITED STATES DISTRICT JUDGE