IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEXOS MEDIA IP, LLC,

    Plaintiff,

    v.

OVERSTOCK.COM, INC.,

    Defendant.

Case No. 2:22-cv-2324-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Lexos Media IP, LLC's Motion for Leave to File Corrected Opposition to Defendant's Motion to Exclude the Testimony of Samuel Russ, Ph.D. (Doc. 207). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, Plaintiff's motion to correct is granted in part and denied in part.

### I.   Background

Dispositive motions and motions to exclude under *Daubert* that encompass a summary-judgment issue in this patent infringement case were due on June 13, 2025.[1] On that date, Defendant Overstock.com, Inc. filed a motion for summary judgment and two motions to exclude, including a *Daubert* Motion to Exclude the Testimony of Samuel Russ, Ph.D.[2] Plaintiff filed timely responses to all three motions; it did not seek an extension of time. On July 21, 2025, Defendant filed its replies. In the reply to Plaintiff's response on the motion to exclude Dr. Russ, Defendant pointed the Court to serious errors in the citations contained in Plaintiff's

---

[1] Doc. 171 at 49.

[2] Doc. 174.

opposition brief, including: (1) nonexistent quotations; (2) nonexistent or incorrect citations; and (3) misrepresentations about cited authority.[3]

Eight days later, Plaintiff filed its motion for leave to file a corrected opposition brief to the motion seeking to exclude Dr. Russ.  Plaintiff states that after reading Defendant's reply, it reviewed the opposition brief and "discovered that certain case citations and quotations could not be substantiated."[4]  The motion states that one of Plaintiff's attorneys, Mr. Sandeep Seth, used artificial intelligence ("AI") tools in drafting the opposition and that he did not verify the citations before filing.  After reading the reply, Mr. Seth prepared a corrected response "containing only verified authorities," and asks the Court for leave to correct the original filing.[5]  Plaintiff argues that allowing it to correct the brief will not prejudice Defendant and will allow it to maintain candor to the tribunal and compliance with Fed. R. Civ. P. 11.  Defendant opposes the motion, arguing that allowing Plaintiff to correct the brief would amount to an unwarranted sur-reply and that the proposed corrections are futile.

## II.    Standards

Plaintiff moved to correct its responsive filing well after the deadline for filing a response and after Defendant had already filed a reply pointing out Plaintiff's defective citations and quotations.  Although Plaintiff complied with the procedural components of D. Kan. Rule 15.1, which applies because it seeks leave to file a document that may not be filed as a matter of right, that rule does not provide for a substantive standard here.  Fed. R. Civ. P. 15 only applies to motions for leave to amend pleadings.  The Court looks to two other rules for guidance.

---

[3] Doc. 200 at 6 & n.1; Doc. 200-1 (providing a table of fabricated and misleading case citations in Plaintiff's response brief to the motion to exclude Dr. Russ).

[4] Doc. 207 ¶ 3.

[5] *Id.* ¶ 5. Plaintiff has submitted both a clean and a red-lined copy of the proposed corrected brief for the Court's review.  Docs. 208-1, 208-2.

First, Defendant is correct that to the extent Plaintiff asks to make substantive changes to its brief, it amounts to a sur-reply. "Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. Surreplies typically are not allowed."[6] Sur-replies require leave of court and are only granted under "rare circumstances."[7] To be sure, the nonmoving party "should be given an opportunity to respond to new material raised for the first time in the movant's reply."[8] Alternatively, the Court can disregard new material raised in the reply when reaching its decision.[9] New material includes both evidence and legal arguments.[10] When the reply "merely responds to matters placed in issue by the response, and does not spring upon the opposing party new reasons for" granting the motion, it "is entirely proper."[11] "[A] reply 'may properly highlight the deficiencies' in a response 'without opening the door to additional pleadings.'"[12]

The Court also looks to Fed. R. Civ. P. 6(b), which governs motions for extension of time. When a motion for extension of time is filed before the deadline, it may be granted on a showing of good cause.[13] But if the request is made after the filing deadline has expired, the moving party must show excusable neglect.[14] Here, Plaintiff seeks to file its corrected response after its response deadline expired. Indeed, it seeks to file its response after the reply brief was

---

[6] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014).

[7] *Id.* (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

[8] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).

[9] *Id.* (quoting *Beaird*, 145 F.3d at 1164–65).

[10] *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)).

[11] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 904 (D. Kan. 2021) (quoting *Carter v. Spirit Aero Sys., Inc.*, No. 16-1350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019)).

[12] *Id.* (quoting *Carter*, 2019 WL 3732684, at *12).

[13] Fed. R. Civ. P. 6(b)(1)(A).

[14] Fed. R. Civ. P. 6(b)(1)(B).

filed on the basis of serious deficiencies identified in the reply brief. To determine whether a party has shown excusable neglect, the Court must consider: "the danger of prejudice [to the defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[15]

**III.    Discussion**

Plaintiff's original opposition to Defendant's motion to exclude Dr. Russ contains defective legal citations that were created through the use of generative AI, which were not checked and confirmed before filing. These defects include: (1) nonexistent quotations; (2) nonexistent and incorrect citations; and (3) misrepresentations about cited authority.[16] The proposed corrected opposition brief would correct these grievous errors by: (1) deleting the nonexistent citation and quotations; (2) correcting the incorrect citations; (3) deleting the offending citations from the table of authorities; (4) adding one new citation; and (5) adding text to shore up Plaintiff's arguments.

Under either standard set forth above—for motions for leave to file a sur-reply or for motions to respond out of time—Plaintiff's motion fails. Defendant's reply brief did not raise new arguments that justify a sur-reply. Instead, the reply highlighted the many deficiencies in the response brief; it responded to issues placed in issue by Plaintiff's response. Thus, this is not a rare circumstance where the Court will allow a sur-reply that contains new authority or argumentation.

---

[15] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[16] Doc. 200-1 (providing a table of fabricated and misleading case citations in Plaintiff's response brief to the motion to exclude Dr. Russ).

4

Nor can Plaintiff come close to establishing excusable neglect. As the Tenth Circuit has recently explained, careless use of generative AI "can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system."[17] Indeed, here, the prejudice to Defendant cannot be overstated. Plaintiff's conduct required Defendant to spend much of its reply brief addressing this issue, and to respond to this motion to correct. Importantly, the *Daubert* motion is intertwined with the merits of a summary-judgment issue. Thus, Defendant also addressed this issue in its reply brief on summary judgment. Plaintiff's errors have also wasted judicial resources; resources that the Court should be spending on the merits of the case.

The need to correct at all was well within the control of Plaintiff's counsel. "[T]he pitfalls of utilizing AI are now well-known in this profession."[18] Plaintiff's counsel should have been aware of the risk involved in submitting a brief that relied on generative AI without validating the case citations both to determine that they exist, and to confirm that the cases stand for the propositions for which they are cited. Yet, counsel took this risk anyway. Moreover, the fact that there may be legitimate citations to support Plaintiff's position on the *Daubert* motion should not justify granting leave to replace the offending citations. As one court aptly explained in the context of sanctions:

> At the threshold, the court rejects the invitation to consider that actual authorities stand for the proposition that the bogus authorities were offered to support. That is a stroke of pure luck for these lawyers, and one that did not remediate the waste and harm their misconduct wrought. Further, any sanctions discount on this basis would amplify the siren call of unverified AI for lawyers who are already confident in their legal conclusion. This court will have no part of that.[19]

---

[17] *Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *2 (10th Cir. Dec. 3, 2025).

[18] *Mavy v. Comm'r of Soc. Sec.*, No. 25-00689, 2025 WL 2355222, at *9 (D. Ariz. Aug. 14, 2025).

[19] *Johnson v. Dunn*, 792 F. Supp. 3d 1241, 1262 (N.D. Ala. 2025).

The Court is not addressing sanctions in this Order; that issue is left for another day.[20] But the Court finds this guidance instructive on the excusable neglect factors in this context. To the extent there is other authority or language that Plaintiff seeks to add to the proposed corrected response to shore up its arguments, the Court must deny the motion. The prejudice to Defendant and impact on the judicial system is too great. While the Court is heartened by Mr. Seth's admission that he used generative AI without validation and by his remorse, it cannot find that a "do-over" is warranted here. Instead, the Court denies the motion to correct with the proposed corrected brief. The Court strikes Plaintiff's response brief filed as Doc. 194. The Court grants Plaintiff's motion to correct insofar as it seeks to strike the fake and incorrect citations and quotations from the document. The Court denies the motion to the extent it seeks to replace or add any text or additional authority to the brief.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Lexos Media IP, LLC's Motion for Leave to File Corrected Opposition to Defendant's Motion to Exclude the Testimony of Samuel Russ, Ph.D. (Doc. 207) is **granted in part and denied in part**. Plaintiff's motion to correct is granted to the limited extent it removes the nonexistent quotations and citations, and the citations that misrepresent the cited authority. The motion is denied to the extent Plaintiff seeks to add text or additional authority to the brief.

**IT IS FURTHER ORDERED** that the Clerk shall strike Doc. 194 on the docket. Plaintiff shall file the corrected response to Defendant's Motion to Exclude the Testimony of Samuel Russ, Ph.D. by no later than **December 19, 2025**, that omits all (1) nonexistent quotations; (2) nonexistent, incorrect, or inapposite citations; and (3) misrepresentations about

---

[20] *See* Doc. 213 (Order to Show Cause).

cited authority.  Once this brief is filed, the Court will consider the *Daubert* motion under advisement.

**IT IS SO ORDERED.**

Dated: December 15, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
