IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEXOS MEDIA IP, LLC,

          Plaintiff,

vs.                                                Case No. 2:22-cv-2324-JAR-ADM

OVERSTOCK.COM, INC.,

          Defendant.

**Declaration of David R. Cooper**

I, David R. Cooper, declare:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying.

2. This declaration is submitted in response to this Court's Order, Doc. 213.

3. I am admitted to practice law in this Court and in the State of Kansas, the Tenth Circuit Court of Appeals, and the United States Supreme Court.

4. I am a partner at Fisher, Patterson, Sayler & Smith, LLP.

5. I am an attorney of record who has appeared in this case as local counsel on behalf of Plaintiff Lexos Media, IP, LLC (Lexos), in the above-captioned case.

6. I agreed to be local counsel and sponsor the *pro hac vice* admission of the attorneys for Buether Joe & Counselors, LLC (BJC) and Sandeep Seth. I understood the attorneys at BJC and Mr. Seth had extensive experience and expertise in patent litigation.

7. I am aware that D.Kan. Rules 5.4.1(b)(3) and 83.5.4(b) require meaningful

participation by local counsel and require local counsel to sign all pleadings and other papers filed.

**Role in the drafting, review, and filing of Docs. 193 and 194 and whether the process used for researching, cite-checking, and filing these documents differed from other filings in this case, and, if so, why.**

8. I cannot address the process of researching other documents filed in this case as I have not been the drafter of any of the documents.

9. I had no role in researching or drafting Docs. 193 and 194.

10. I received the drafts that were eventually filed as Docs. 193 and 194 from BJC's legal assistant on July 7, 2025.

11. I read the drafts of Docs. 193 and 194 in their entirety after receiving them. I generally understood the arguments contained therein (with respect to the offending portions of the documents) were that defendant's attacks on Dr. Russ's opinions went to the weight, not the admissibility of his opinions.

12. I approved affixing my signature to Docs. 193 and 194 and their filing via the court's electronic filing system.

13. During my review of the documents, none of the quotes or citations drew my attention, so I did not cite check either document. I instead relied upon Mr. Doell and Mr. Seth, whom I understood to be the drafters of the documents, for the accuracy and authenticity of the citations in the documents.

14. The process described in ¶ 13, *supra*, differs from the review and approval of at least one earlier filing where I had noticed an incomplete citation in a draft before filing. I found the original case and corrected the citation before filing the document. This also differs from my process for cite-checking any further documents since Docs. 193 and 194 were filed. Since that time, I have either personally checked each citation in any document and/or used Westlaw's Quick Check Overview to compare quotations and citations against the source material.

15. My practice as local counsel since the filing of Docs. 193 and 194 differs from my practice used when filing those documents because I learned of the use of an AI platform by Mr. Seth.

16. As of the date of this Declaration, I still have no knowledge of the process, if any, used by Mr. Seth or Mr. Doell for cite-checking Docs. 193 and 194 before the documents were sent to me to file.

17. I had no knowledge at the time of filing of the documents at issue that any AI platform was used in the drafting of the briefs.

18. I first learned that Mr. Seth had used an unspecified AI platform to prepare parts of Docs. 193 and 194 on July 28, 2025.

19. The motion for leave to file a corrected brief, Doc. 207, was filed July 29, 2025.

20. I have no knowledge whether Lexos was advised of or approved of Mr. Seth's use of generative AI in this matter.

21. I have been informed that Lexos was provided a copy of this Court's Show Cause Order, Doc. 213.

22. My firm bills BJC directly for my services as local counsel and my firm is paid directly by BJC. I understand that BJC is handling this case for Lexos on a full contingent-fee basis and that Lexos was not billed for any work by me with respect to Docs. 193 and 194, the motion to correct, or the responses to the Order to Show Cause entered by this Court, Doc. 213.

**Why I should not be sanctioned under Rule 11 and referred to the disciplinary panel of this Court and to disciplinary administrators in the jurisdictions where I am licensed**

23. I have, personally, never used Generative Artificial Intelligence to draft any portion of a legal brief.

24. I acknowledge and understand that affixing my signature and filing a document with this court carries with it the following representations and certifications under Rule 11(b):

3

> (b) … to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

25. I believe my reliance upon Messrs. Doell and Seth for the accuracy and authenticity of the citations in the documents to have been reasonable under the circumstances.

26. Whether my reliance was reasonable or not, I acknowledge that I affixed my signature to documents which contained nonexistent quotations, nonexistent and incorrect citations, and misrepresentations about cited authority. For that, I apologize to the Court and to opposing counsel.

27. I also acknowledge that that my subjective belief in the merit of the arguments is, in and of itself, not enough. Rather, that belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).

28. Rule 11 provides that upon a finding of a Rule 11(b) violation, "the court may impose an appropriate sanction on any" responsible attorney, law firm, or party and that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(1), (4).

29. I am appalled to have filed a brief that employed hallucinated quotes and cites. The

Topeka Capital Journal published an article regarding this Court's Show Cause order including both my name and that of my firm.[1]

30.     I submit to the Court that its Show Cause Order (without regard to the accompanying publicity) most certainly suffices to deter repetition by me. Without regard to whether this Court finds I did or didn't violate Rule 11(b), I won't sign another brief provided by another firm (whether as local counsel or as co-counsel on joint briefs) without fully cite-checking the brief.

31.     My firm has taken steps to avoid similar missteps. My firm generally did not permit the use of Generative Artificial Intelligence (GenAI) in drafting briefs and pleadings. Since this occurrence, my firm adopted a formal policy that prohibits the use of GenAI platforms without the consent of the client and the express permission of the responsible partner and, if different, the overseeing attorney. Permission must be for the specific task assigned, and not a general grant of permission. Further, all documents produced using GenAI must be independently verified by the author as being true and accurate.

32.     My firm will further develop and adopt a policy that extends the foregoing requirements to all instances where an attorney in the firm is local counsel and sponsors other attorneys as *pro hac vice* will require (1) that outside counsel disclose the use of GenAI to both my firm and the client, and (2) that local counsel shall independently cite-check and verify the accuracy and authenticity of citations.

33.     The Court has ordered the offending document, Doc. 194, stricken. A corrected response that omits the offending material, Doc. 216, has been filed at the Court's direction.

34.     I offer my apology to both the Court and to Lexos for the necessity of expending

---

[1] See https://www.cjonline.com/story/news/politics/courts/2025/12/18/ai-fabricated-legal-citations-attorneys-could-be-sanctioned-in-kansas/87796076007/?gnt-cfr=1&gca-cat=p&gca-uir=true&gca-epti=z116154p117650c117650d00----v116154d--36--&gca-ft=234&gca-ds=sophi.

time to address this matter.

35. Without regard to whether the Court imposes any sanction upon me I will voluntarily refrain, in new matters, from serving as a sponsoring or local counsel for any *pro hac vice* attorney for a period of twelve (12) months.

36. Based on the above facts, I submit that I should not be sanctioned under Rule 11.

37. If, however, the Court determines any sanction is warranted I would suggest a formal public reprimand through this Court's Order is appropriate. *See, e.g.. Mattox v. Prod. Innovations Rsch., LLC*, No. 6:24-CV-235-JAR, 2025 WL 3012828, at *9 (E.D. Okla. Oct. 22, 2025) (imposing sanction on local counsel of formal public reprimand through order and twelve-month restriction on sponsoring *pro hac vice*).

38. Based on the above facts, I also submit that I should not be referred to the disciplinary panel of this Court or to the disciplinary administrators in the jurisdictions where I am licensed.

I declare under penalty of perjury that the foregoing is true and correct and that I have signed this declaration in Topeka, Kansas on December 31, 2025.

David R. Cooper                                    KS #16690
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com