**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **LEXOS MEDIA IP, LLC,**<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**OVERSTOCK.COM, INC.,**<br><br>      **Defendant.** | **Case No. 22-2324-JAR** |

## MEMORANDUM AND ORDER

Before the Court are the parties' Joint Motions to Seal Documents (Docs. 198, 206) associated with the parties' summary judgment and *Daubert* filings.  The parties state that their most recent joint motion, which is also joined by Proponent and Non-Party Abt Electronics, Inc., supersedes all prior requests related to Doc. 148 (Plaintiff's Response in Opposition to Overstock.com's Motion to Strike Mr. Blok's Supplemental Report), Doc. 175 (Overstock's *Daubert* Motion to Exclude the Testimony of Justin Blok), and Doc. 177 (Overstock's Motion for Summary Judgment).  The motion also addresses Doc. 190 (Lexos's Response to Overstock's *Daubert* Motion to Exclude the Testimony of Justin Blok), and Doc. 202 (Overstock's Reply in Support of its *Daubert* Motion to Exclude the Testimony of Justin Blok).  As described below, the Court grants in part, denies in part, and finds moot in part the parties' motions to seal.

## I.      Background

The movants specifically ask the Court to seal the documents listed in the following table.  Many of these documents have been previously addressed in other orders, which are noted in the last column:

| Doc. No. | Description | Redaction Level3 | Past Order(s) |
|---|---|---|---|
| 148-3 | Ex. 3 – Excerpts of the Original Blok Report | Partial | 153 |
| 148-4 | Ex. 4 – Excerpts of the Supplemental Blok Report | Partial | 153 |
| 148-9 | Ex. 4 – Excerpts of the Mody Rebuttal Report | Partial | 153 |
| 175 | Overstock's Blok *Daubert* Motion | Partial | 195, 199 |
| 175-1 | Ex. 1 – Excerpts of the Original Blok Report | Partial | 195, 199 |
| 175-2 | Ex. 2 – Excerpts from the Feb. 17, 2025 Blok Deposition | Partial | 195, 199 |
| 175-3 | Ex. 3 – Excerpts of the Supplemental Blok Report | Partial | 195, 199 |
| 175-4 | Ex. 4 – Ace Hardware Settlement Agreement | Entire Exhibit | 195, 199 |
| 175-5 | Ex. 5 – Excerpts from the May 29, 2025 Blok Deposition | Partial | 195, 199 |
| 175-6 | Ex. 6 – Summary of Lexos Settlement Agreements | Partial | 195, 199 |
| 175-7 | Ex. 7 – Abt Settlement Agreement | Entire Exhibit | 195, 199 |
| 175-8 | Ex. 8 – CDW Settlement Agreement | Entire Exhibit | 195, 199 |
| 175-9 | Ex. 9 – NTE Settlement Agreement | Entire Exhibit | 195, 199 |
| 175-12 | Ex. 12 – Excerpts from the Abt Settlement Proposal | Partial | 195, 199 |
| 175-15 | Ex. 15 – Email between Lexos and NTE | Entire Exhibit | 195, 199 |
| 177 | Overstock Motion for Summary Judgment | Partial | 195 |
| 177-25 | Ex. 25 – RPX Settlement Agreement | Entire Exhibit | 195 |
| 177-26 | Ex. 26 – eBay Settlement Agreement | Entire Exhibit | 195 |
| 190 | Lexos Opposition to Overstock's Blok *Daubert* Motion | Partial | |
| 190-2 | Ex. 1 – Excerpts of the Original Blok Report | Partial | |
| 190-3 | Ex. 2 – Excerpts from the Feb. 17, 2025 Blok Deposition | Partial | |
| 190-5 | Ex. 4 – Email between Lexos and NTE | Entire Exhibit | |
| 190-8 | Ex. 7 – Excerpts of the Supplemental Blok Report | Partial | |
| 190-9 | Ex. 8 – Compilation of documents relied upon by Mr. Blok | Entire Exhibit | |
| 190-15 | Ex. 14 – Office Depot Settlement Agreement | Entire Exhibit | |
| 202 | Overstock Reply in Support of its Blok *Daubert* Motion | Partial | |

## II.    Standard for Motions to Seal

"Courts have long recognized a common-law right of access to judicial records."[1]  This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[2]  This right of access, however, "is not absolute."[3]  The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[4]  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[5]  The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[6]

In this district, when a party files a document provisionally under seal, that party must "[i]mmediately after the provisional under-seal filing . . . file a notice of proposed sealed record."[7]  The point of this part of the procedure is to provide notice to the "Proponent" of the document that it is being submitted for filing in this case so that the Proponent can file a motion to seal the document.  Then, if the "Proponent seeks to maintain any portion of the document under seal," the Proponent "must file a motion to seal or redact in the public record."[8]  It is due within 7 days after the document is filed provisionally under seal.[9]

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

[4] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[5] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[6] *Colony Ins. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[7] D. Kan. Rule 5.4.2(b).

[8] D. Kan. Rule 5.4.2(c).

[9] *Id.*

Under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the right of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[10]

## III.    Discussion

Before the Court proceeds to consider the merits of the parties' requests, it must address the procedural problems with this motion: (1) the parties ask the Court to seal several documents that have already been addressed by this Court's or Judge Mitchell's prior rulings; and (2) the parties' motion is untimely as to several documents.

The parties state that they intend for this motion to "supersede the prior requests relating to the referenced motions and/or exhibits," for consistency, and in a footnote list the following: Docs. 145, 176, 178, 183, 191, and 198.[11]  All but the last of these docket entries are Notices of Proposed Sealed Record that were filed at the time the provisionally-sealed documents were filed.  There is no provision in the rule that allows the parties to retroactively amend or supersede these notices by motion.  The Court has already ruled on motions to seal several of the documents addressed in this motion, yet the parties do not move to reconsider the earlier rulings by the undersigned, or object under Rule 72 to Judge Mitchell's prior Order under the appropriate standards.

---

[10] D. Kan. R. 5.4.2(c)(1)–(4).

[11] Doc. 206 n.1.

Moreover, under the local rule, "[t]he motion [to seal or redact] must be filed within 7 days after the document is filed provisionally under seal."[12]  This motion is only timely with respect to the documents provisionally-filed under seal on or after July 7, 2025.[13]  The parties wholly fail to address why the Court should consider this motion to the extent it is untimely.

Therefore, the Court denies the motion to seal documents addressed in Judge Mitchell's prior Order denying the motion to seal Docs. 148-3, 148-4, and 148-9.[14]  The motion is denied as untimely as to Docs. 175-5, 175-15, and 177.[15]  The Court finds the motion moot as to the documents that this Court has already sealed: Docs. 177-25, 177-26.

The remaining documents identified by the parties in their motion are briefs and exhibits associated with Overstock's motion to exclude Lexos's damages expert, Justin Blok.  The Court has determined that the motion to exclude Mr. Blok's testimony is moot in light of its summary-judgment ruling.  Because the Court need not rule on this motion or consider the documents associated with it, the Court will allow these documents to remain under seal and directs the Clerk to remove the provisional designations from these remaining documents.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' Joint Motion to Seal Documents (Doc. 206) is **granted in part, denied in part, and moot in part**.  The Court

---

[12] D. Kan. R. 5.4.2(c).

[13] The original joint motion to seal (Doc. 198) was filed within 7 days of the documents filed on July 7, 2025, and the Court had not ruled on that motion before the parties submitted this amended, updated motion on July 28, 2025, the deadline the Court had provided to non-party Abt to file its motion to seal a limited number of documents associated with Doc. 175.  The Court considers this motion timely as to those specific documents addressed in Doc. 199, as well as the subsequent documents associated with Docs. 190 and 202.

[14] Doc. 153.

[15] On July 11, 2025, this Court ordered these documents unsealed because no party filed a timely motion to seal them.  Doc. 195.  After Abt filed a motion for additional time to file a motion to seal, the Court granted it an extension of time to move to seal or redact a limited universe of documents: Defendant's *Daubert* motion (Doc. 175), and Exhibits 1–3, 6, and 12 attached thereto (Docs. 175-1, 175-2, 175-3, 175-6, and 175-12).  The Court did not give the parties blanket leave to file motions to seal, or to file untimely motions to seal on the documents it had already ruled on.

**denies** the motion to seal Docs. 148-3, 148-4, 148-9, 175-5, 175-15, and 177.  The motion to seal is **moot** as to Docs. 177-25, 177-26.  The motion to seal is **granted** as to all other documents. The Clerk is directed to remove the provisional designation from Docs. 175, 175-1 through 175-4, 175-6 through 175-9, 175-12, 190, 190-2, 190-3, 190-5, 190-8, 190-9, 190-15, and 202.  The filing party shall file the redacted versions of the necessary documents on the public record forthwith.

IT IS FURTHER ORDERED BY THE COURT that the parties' Joint Motion to Seal Documents (Doc. 198) is **moot**.

IT IS SO ORDERED.

Dated: March 9, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE