**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LEXOS MEDIA IP, LLC,

     Plaintiff,

     v.                                                  Case No. 22-2324-JAR-ADM

OVERSTOCK.COM, INC.,

     Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on two motions filed by Defendant Overstock.com, Inc. ("Overstock"): (1) Overstock's Motion for Fees and Costs in Connection With Mr. Blok's Supplemental Report, and (2) Overstock's Unopposed Renewed Motion to Seal or Redact Documents, which seeks to redact portions of Overstock's fee motion and permanently seal Exhibits 3–7 to the motion. (ECF 181, 205.) For the reasons discussed below, the court grants both motions.

### I.    **Overstock's Motion for Fees and Costs in Connection With Mr. Blok's Supplemental Report**

Overstock's first motion seeks an award of fees and expenses pursuant to the court's prior order finding that plaintiff Lexos Media IP, LLC ("Lexos") acted in bad faith when it served an untimely supplemental expert report that significantly increased Lexos's damages and that computed damages for two asserted patents that Mr. Blok's original report omitted. (ECF 156, at 19 ("[T]he court finds that the series of excuses Lexos has manufactured to try to justify the belated disclosure amount to bad faith."), 20 ("Lexos's attempts to downplay its responsibility for the error reek of gamesmanship.").) In that same order, the court stated that it would discuss ways to ameliorate the prejudice to Overstock from Lexos's belated disclosure in connection with the

pretrial conference.  (*Id.* at 21.)  Accordingly, the pretrial order entered on May 6, 2025, reflected the parties' agreement that (1) Overstock's damages expert, Dr. Nisha Mody, could serve a sur-rebuttal report by May 12, 2025, to respond to Mr. Blok's supplemental report, and (2) Overstock could take a follow-up deposition of Mr. Blok by May 31, 2025.  (ECF 171, at 48.)  The court also ordered Overstock to serve Lexos with its request for fees and costs associated with Dr. Mody's sur-rebuttal report and Mr. Blok's follow-up deposition, including a detailed computation of hours and rates and supporting documentation.  (*Id.*)  The court further directed the parties to try to reach agreement on these fees and costs, and, if they were unable to do so, the court stated that it would set a briefing schedule for Overstock's motion for fees and costs.  (*Id.*)

After the parties were unable to reach agreement on the amount, Overstock filed a motion seeking $81,132.30 in attorney and expert fees, supported by documentary evidence.  (ECF 181.) Lexos acknowledges that it must compensate Overstock for having to incur additional expert and attorney fees in preparing Dr. Mody's sur-rebuttal report and taking Mr. Blok's follow-up deposition, but Lexos contends that the amount of expert and attorney fees that Overstock allegedly spent are inflated and unreasonable.  (ECF 186.)  To illustrate its point, Lexos highlights the fact that three people spent 27.7 hours to write and review reports consisting of only a dozen pages, even though a small fraction of the content was new and substantive, and further points out that Overstock's lodestar methodology for assessing attorney's fees was flawed because Overstock used an average billing rate for all firms throughout the nation instead of "the relevant community." (ECF 186, at 5-6.)  Lexos also complains that Overstock's motion did not provide any information about the skill level, experience, or reputation of five attorneys to justify their average billing rate. (*Id.* at 6.)  Lastly, Lexos points to entries in Overstock's billing report that Lexos has deemed irrelevant, unnecessary, or excessive.  (*Id.* at 7.)

The court has reviewed the Overstock's detailed time records, expert invoices, and the AIPLA Economic Survey, and finds that the number of hours billed and the fees sought by Overstock are reasonable.  Damages expert fees in patent cases tend to be notoriously expensive, in part because of expertise required to know and comply with established precedent for calculating patent infringement damages, and also because of the resources needed to properly analyze the underlying financial information that feeds into that damage framework.  Moreover, parties in patent cases, especially on the defense side, often use national counsel because patent law is a specialized area of law and, "by its very nature, national and not necessarily regional in scope." *iLOR, LLC v. Google, Inc.*, No. 5:07–109, 2009 WL 3367391, at \*5 (E.D. Ky. Oct. 15, 2009); *see also NuVasive Inc. v. Alphatec Holdings, Inc*., No. 3:18-CV-347, 2020 WL 6876300, at \*3 n.1 (S.D. Cal. March 20, 2020) ("[L]arge national law firms . . . do not charge different rates based on the jurisdiction in which a complex patent lawsuit is filed."); *Manildra Milling Corp. v. Ogilvie Mills*, 820 F. Supp. 1330, 1333 (D. Kan. 1993) (complex patent litigation warrants higher billing rates than the "local" rates).  Fish & Richardson is a well-known national firm offering high-level expertise in this area, so it makes sense that Overstock used an average billing rate for all firms throughout the nation instead of "the relevant community."  The court therefore concludes that Overstock's requested attorney fees are reasonable because the attorneys' hourly rates are in line with the national averages as reported by the AIPLA Economic Survey, which provides reliable benchmarks.

The court also rejects Lexos's complaints that the billing was excessive and that Overstock's counsel should not be billing for review, editing, and finalizing the draft of Dr. Mody's supplemental report.  These tasks are typical for attorneys assisting a patent infringement damage expert, and usually no more detail is required.  Lexos points to entries in Overstock's billing report

that Lexos has deemed irrelevant, unnecessary, or excessive, but the bulk of the time entries reflect the fact that multiple attorneys were involved in assisting Dr. Mody with preparing a sur-rebuttal report in short order (by May 12) and in preparing for the follow-up deposition of Mr. Blok (by May 31), as ordered by the court on May 6.  The court will not second-guess counsel's need to coordinate and utilize multiple team members to meet the court's deadlines.  The amount of time spent by the various team members is appropriate and reasonable.

For all of these reasons, the court grants Overstock's motion and awards the full amount of the requested sanctions.  Accordingly, the court directs Lexos to tender payment to Overstock in the amount of $81,132.30 by **March 31, 2026.**

## II.    <u>Overstock's Unopposed Renewed Motion to Seal or Redact Documents</u>

Overstock's Unopposed Renewed Motion to Seal or Redact Documents seeks to redact portions of Overstock's fee motion and permanently seal Exhibits 3–7 to the motion.  (ECF 205.) Exhibits 3-7 are billing records from Overstock's supplemental damages expert and attorneys, and a summary of fees.  (ECF 181-3, 181-4, 181-5, 181-6, and 181-7.)  The district judge previously ruled that "the billing records should be permanently sealed because Defendant's interest in maintaining the confidentiality of its work product outweighs the public's right of access."  (ECF 195, at 6.)  However, the district judge denied Overstock's motion to redact its motion for fees and costs, without prejudice, because Overstock did not comply with D. Kan. Rule 5.4.2(c), which requires a proponent requesting redactions to "separately email the document to chambers with its proposed redactions highlighted in yellow." (ECF 195, at 6.)  The district judge directed Overstock to file a renewed motion to redact by July 23, 2025, or the court would direct the clerk to unseal the motion.  (*Id*. at 6-7.)

Overstock timely filed its Unopposed Renewed Motion to Seal or Redact Documents on July 23, and emailed its proposed redactions to chambers on the same day.  (ECF 205.)  The court

has reviewed the proposed redactions and finds that they are narrowly tailored to the asserted

confidentiality interest in protecting Overstock's work product. Additionally, the court finds that

the amount of the parties' offers and counteroffers with respect to their fee dispute should also be

redacted. These amounts are irrelevant to the public's understanding of this litigation and the basis

for the court's adjudication of the merits. The court therefore grants Overstock's Renewed Motion

to Seal or Redact Documents. The Clerk is directed to remove the provisional designation from

the Motion for Fees and Costs in Connection With Mr. Blok's Supplemental Report (ECF 181),

and the court directs Overstock, as the filing party, to file the redacted version of the Motion for

Fees and Costs (as shown in ECF 187-1) in the public record.

**IT IS THEREFORE ORDERED** that Overstock's Motion for Fees and Costs in

Connection With Mr. Blok's Supplemental Report (ECF 181) is granted.

**IT IS FURTHER ORDERED** that Overstock's Unopposed Renewed Motion to Seal or

Redact Documents (ECF 205) is granted, as set forth above.

**IT IS SO ORDERED.**

Dated March 13, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge