**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LEXOS MEDIA IP, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-2324-JAR** |
| **OVERSTOCK.COM, INC.,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Overstock.com, Inc.'s Unopposed Motion to Seal Documents (Doc. 237). Defendant asks the Court to seal three exhibits attached to its memorandum in support of attorney's fees, and to allow redacted versions of two documents. As described below, the Court grants the motion.

## I.     Standard

"Courts have long recognized a common-law right of access to judicial records."[1] This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[2] This right of access, however, "is not absolute."[3] The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[4] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

[4] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

the presumption."[5]  The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[6]

Under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the presumption of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[7]

## II.    Discussion

### A.    Motion to Seal Docs. 235-13, 235-14, and 235-16 (Exhibits 12, 13, and 15)

Defendant moves to seal three exhibits attached to its memorandum in support of its motion for attorney's fees.[8]  Doc. 235-13 (Ex. 12) includes summary tables of timekeeper fees requested, broken down by hours and rates.[9]  Docs. 235-14 and 235-15 (Exs. 13 and 14) are billing records and invoices that include descriptions of each timekeeper's time spent on the client matter.  Defendant argues that its interest in maintaining the confidentiality of these documents outweighs the public's right of access because the billing records reveal attorney work product, including legal strategy and research conducted in connection with the litigation.

---

[5] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[6] *Colony Ins. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[7] D. Kan. Rule 5.4.2(c)(1)–(4).

[8] Doc. 235.

[9] Doc. 235-13.

The Court has reviewed these exhibits and agrees that the billing records include attorney work product.  The Tenth Circuit has recognized that attorney billing records and time sheets may be protected by the work product doctrine.[10]  The billing records should be permanently sealed because Defendant's interest in maintaining the confidentiality of its work product outweighs the public's right of access.

Defendant asks the Court to allow it to redact from its brief in support of the motion for fees and costs, and from Michael Ellis's Declaration, references to the billing record information from Exhibits 12, 13, and 15.  Defendant submitted its proposed redactions in compliance with D. Kan. Rule 5.4.2(c).  The Court has reviewed these redactions and agrees that they appropriately redact references to the sealed exhibits.  Thus, Defendant is directed to publicly file these redacted documents.  The provisionally-filed memorandum and the Ellis Declaration shall be permanently sealed.

### B.    Documents to be Unsealed

Other than the documents discussed above, no party has filed a motion to seal the remaining provisionally-sealed attachments to Doc. 235, and the time to do so is expired.[11] Therefore, pursuant to D. Kan. Rule 5.4.2(d), the Clerk is directed to unseal Docs. 235-2, 235-3, 235-4, 235-5, 235-6, 235-7, 235-8, 235-9, 235-10, 235-11, 235-12, 235-15, 235-17, and 235-18.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Overstock.com, Inc.'s Unopposed Motion to Seal Documents (Doc. 237) is **granted**.  The Clerk shall permanently seal Docs. 235, 235-1, 235-13, 235-14, and 235-16.  Defendant is directed to publicly file the redacted versions of Docs. 235 and 235-1.

---

[10] *Team Sys. Int'l, LLC v. Haozous*, 706 F. App'x 463, 466 (10th Cir. 2017).

[11] *See* D. Kan. Rule 5.4.2(c) (providing a seven-day deadline after the document is filed provisionally under seal to file a motion to seal).

**IT IS FURTHER ORDERED BY THE COURT** that the Clerk is directed to unseal

Docs. 235-2, 235-3, 235-4, 235-5, 235-6, 235-7, 235-8, 235-9, 235-10, 235-11, 235-12, 235-15,

235-17, and 235-18.

**IT IS SO ORDERED.**

Dated: May 11, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
